815 So.2d 126 (2002)
STATE of Louisiana
v.
Nathaniel HERNANDEZ.
No. 01-KA-1147.
Court of Appeal of Louisiana, Fifth Circuit.
March 13, 2002.
*127 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alison Wallis, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellant.
Arcenious F. Armond, Jr., Gretna, LA, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
THOMAS F. DALEY, Judge.
The defendant was sentenced to five years at hard labor pursuant to a guilty plea to armed robbery. The State has appealed, contending the five year sentence was illegally lenient. For the reasons which follow, we vacate the plea and remand for further proceedings.
On October 12, 2000, the defendant pled guilty to armed robbery, a violation of R.S. 14:65, and agreed to a five year sentence. At the request of defendant, the trial judge delayed the execution of the sentence until October 31, 2000. On that date, the defendant appeared before the court, however, no attorneys were present. The trial court then rescheduled the execution of the sentence until November 27, 2000. When the defendant and the State appeared for execution of the sentence, the District Attorney informed the court that the five-year sentence agreed upon was illegally lenient, in that LSA-R.S. 14:64 provides for a minimum term of imprisonment of ten years. The trial judge conceded that he himself was unaware at the time of the plea agreement that the armed robbery statute had been amended to raise the minimum penalty from five years to ten years.[1] The defendant was then presented with the options of either withdrawing the guilty plea and proceeding to trial, or allowing the guilty plea to stand and accepting a ten-year sentence. Defendant elected to withdraw the plea.
On August 1, 2001, defendant moved the trial court to enforce the original plea agreement, thereby deviating from the statutory minimum sentence of ten years. The trial court granted the motion, and advised defendant of his rights. The court accepted defendant's guilty plea, and ordered that the original plea agreement be reinstated. The trial judge sentenced the defendant to five years noting that he considered defendant's youth, his first offender status, and his extensive family support system in imposing a sentence below the statutory minimum. The State objected to the five year sentence and made an oral Motion for Appeal. The judge granted the State's Motion for Appeal.
On appeal, the State argues the trial court abused its discretion in imposing a sentence of five years where the mandatory minimum sentence is ten years. The State points out that sentences mandated by the legislature are presumed to be constitutional and goes on to argue that in order to justify a sentence outside the mandatory range, the defendant must provide substantial evidence to rebut this presumption of constitutionality. The State concludes that the defendant did not present evidence or argument to justify a sentence lower than that set by the legislature and the trial judge abused his discretion in imposing a lower sentence.
The defendant contends that the State's objection to the sentence was untimely. Specifically, the defendant argues the State did not object to the five year *128 sentence when the plea was originally entered on October 12, 2000, and it was not until November 27, 2000 that the State lodged an objection to the sentence. Citing Code of Criminal Procedure article 881.1, the defendant argues the State had only thirty days to ask the court to reconsider the sentence. The State did not object to the five year sentence imposed on October 12, 2000. This position ignores the fact that the defendant withdrew his guilty plea on November 27, 2000, thus it is irrelevant whether the State's objection to the sentence came later than thirty days after the sentence was imposed.
The record indicates that the trial court felt a sentence of ten years imprisonment would not be appropriate for this defendant and stated reasons for deviation, but did not find the minimum statutory sentence of ten years to be constitutionally excessive. We note that the trial judge does have the authority to deviate from a legislatively mandated sentence; however, in order to deviate from the mandatory minimum sentence, the trial judge must find that sentencing this defendant to the minimum term of imprisonment is constitutionally excessive in that it makes no "measurable contribution to acceptable goals of punishment" or that the minimum sentence amounted to nothing more that "the purposeful imposition of pain and suffering." See State v. Dorthey, 623 So.2d 1276 (La.1993). The trial judge made no such finding in this case.
For the foregoing reasons, the defendant's five year sentence and his guilty plea agreement are vacated and this matter is remanded to the trial court for further proceedings.
SENTENCE AND GUILTY PLEA VACATED; MATTER REMANDED.
NOTES
[1] The sentencing provisions of LSA-R.S. 14:64 were amended by the 1999 La. Acts No. 932 Section 1, effective July 9, 1999. Defendant was alleged to have committed armed robbery on December 22, 1999.