839 So.2d 281 (2003)
STATE of Louisiana
v.
Nathaniel A. HERNANDEZ.
No. 02-KA-892.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
*283 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, William C. Credo, Kia M. Habisreitinger, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellant.
Arcenious F. Armond, Jr., Gretna, LA, for Defendant/Appellee.
Panel composed of Judges SOL GOTHARD, THOMAS F. DALEY and CLARENCE E. McMANUS.
SOL GOTHARD, Judge.
This is the State's second appeal in this case. On October 12, 2000, defendant pled guilty to armed robbery, a violation of LSA-R.S. 14:64, and agreed to a five year sentence. However, at the time of the commission of defendant's crime, La. R.S. 14:64 provided for a minimum term of imprisonment of ten years. On August 1, 2001, the trial court granted the defendant's motion to enforce the original plea agreement. The trial court sentenced the defendant to five years, a deviation from the statutory minimum of ten years.
The State appealed, arguing that the sentence was illegally lenient. This court vacated the plea agreement and sentence. This court noted that, in order to deviate from a mandatory minimum sentence, the trial judge must find that sentencing this particular defendant to the minimum term of imprisonment would be constitutionally excessive in that it would make no "measurable contribution to acceptable goals of punishment" or that the minimum sentence amounted to nothing more that "the purposeful imposition of pain and suffering." State v. Hernandez, 01-1147 (La App. 5 Cir. 3/13/02), 815 So.2d 126, citing State v. Dorthey, 623 So.2d 1276 (La.1993).
On remand, the defendant again entered a plea of guilty as charged, and the trial court again sentenced defendant to five years at hard labor, without benefit of parole, probation, or suspension of sentence. The State objected to the sentence, arguing it was illegally lenient. This appeal followed.
In this appeal, the State argues that the trial court abused its discretion in imposing a sentence of five years incarceration at hard labor for the crime of armed robbery where the mandatory minimum sentence is ten years incarceration at hard labor. The State contends that the facts of the case do not support the imposition of a sentence below the ten-year minimum penalty provided in LSA-R.S. 14:64, and that the trial court failed to provide a sufficient basis for the downward departure.
*284 In State v. Dorthey, 623 So.2d 1276 (La. 1993) the Supreme Court held that the trial judge is empowered to deviate from a mandatory minimum sentence in a habitual offender proceeding. The court stated:
If ... the trial judge were to find that the punishment mandated by R.S. 15:5291. makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive.

Dorthey, 623 So.2d at 1280-1281.
Although Dorthey involved a mandatory sentence under the habitual offender laws, the principles of sentence review espoused in Dorthey are applicable to mandatory sentences under substantive criminal statutes. State v. Fobbs, 99-1024 (La.9/24/99), 744 So.2d 1274; State v. Temple, 01-655, p. 15 (La.App. 5 Cir. 12/12/01), 806 So.2d 697, 707, fn. 3.
A mandatory minimum sentence is presumed to be constitutional. The burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional. He must show he is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676; State v. Jefferson, 01-1139, p. 9 (La. App. 5 Cir. 3/13/02), 815 So.2d 120, 125. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the case before it that would rebut the presumption of constitutionality. State v. Johnson, supra; State v. Temple, supra. It is not the role of the sentencing court to question the wisdom of the legislature in setting mandatory minimum punishments for criminal offenses. Rather, "the sentencing court is only allowed to determine whether the particular offender before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution." State v. Johnson, supra.
The Louisiana Supreme Court has cautioned that "departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations." State v. Johnson, 97-1906 at p. 9, 709 So.2d at 677. Furthermore,
... if a sentencing judge finds clear and convincing evidence which justifies a downward departure from the minimum sentence under the Habitual Offender Law, he is not free to sentence a defendant to whatever sentence he feels is appropriate under the circumstances. Instead, the judge must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires a sentencing judge to articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence which is not excessive under the Louisiana Constitution.

State v. Johnson, 97-1906 at p. 8, 709 So.2d at 677.
When the trial court originally imposed sentence, the judge noted that he was deviating from the mandatory minimum sentence of ten years because defendant was only 16 years of age at the time of the instant offense, had a great deal of support from his family, and was a first-time felony offender. On remand, after the defendant reentered his guilty plea, the trial judge again cited the defendant's *285 youth, his first offender status and his family support, and then stated that:
And under the circumstances, given these factors, I find that the legislatively mandated sentence is, in fact, constitutionally excessive, and it is excessively harsh and it makes no measurable contribution to the acceptable goals of punishment, and it amounts, in this Court's opinion, and as stated in "State versus Dorthy [sic]" to nothing more than a purposeful imposition of pain and suffering.
The trial court did not state why it found that five years was the longest sentence not excessive under the Louisiana Constitution.
The fact that this was the defendant's first offense is not sufficient to justify a downward departure from the mandatory minimum sentence. "The absence of violent offenses in defendant's record cannot be the sole reason, or even the major reason, for declaring a mandatory minimum sentence excessive." State v. Knight, 01-881, p. 7 (La.App. 5 Cir. 2/13/02), 811 So.2d 947, 950-951.
Age is also an insufficient justification for a downward departure in a sentence. See, State v. Jefferson, 01-1139 at p. 11, 815 So.2d at 126, (insufficient justification for a downward departure in a sentence for possession with intent to distribute cocaine, where the only factors discussed were the defendant's age, 62 years, and the fact that a kidney ailment might prevent him from doing hard time); State v. Brown, 01-160 (La.App. 5 Cir. 5/30/01), 788 So.2d 667, (defendant's age, 16, and the fact that he did not physically harm any of the victims did not justify downward departure of life sentence for aggravated kidnapping and four 10 year terms for four counts of armed robbery, to be served consecutively); State v. Jackson, 99-1368 (La.App. 5 Cir. 5/17/00), 762 So.2d 253, (mandatory life sentence for distribute of heroin not unconstitutionally excessive despite victim's age, 21, and the fact that distribution of heroin is a non-violent crime).
We find that the defendant did not prove, by clear and convincing evidence, that the imposition of the mandatory minimum sentence of ten years would be constitutionally excessive. Accordingly, the trial court erred in deviating from the statutory minimum in sentencing the defendant.
If the State is a party to a plea bargain, the bargain must be enforced. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So.2d 200 (La.1983). It is evident from the record that the State was not a party to any agreement between the court and defendant regarding the term of defendant's sentence. Accordingly, we reserve to defendant the right to withdraw his guilty plea. State ex rel. Miller v. Whitley, 615 So.2d 1335, 1336 (La.1993) (per curiam); State ex rel. LaFleur v. Donnelly, 416 So.2d 82, 84 (La. 1982).
For the above-discussed reasons, the defendant's sentence is vacated. The case is remanded to the trial court for further proceeding, reserving to defendant the right to withdraw his guilty plea.
SENTENCE VACATED; CASE REMANDED.