| JAMES L. CANNELLA, Judge.
For the third time in this case, the State has appealed, arguing again that the trial court erred in deviating from the statutorily mandated minimum sentence of 10 years imprisonment at hard labor.[1] For the reasons which follow, we vacate the sentence and remand with instructions.
On October 12, 2000, the Defendant pled guilty to armed robbery, a violation of La. R.S. 14:64, pursuant to a plea agreement that he would be sentenced to five years in prison at hard labor without benefit of parole, probation or suspension of sentence. The trial court ordered that execution of the sentence be delayed until October 31, 2000. The matter was then continued until November 27, 2000, at which time the State pointed out to the trial court that the five year sentence agreed upon by the parties was illegally lenient. The prosecutor informed the trial *96 court that about six months before the date of the offense, the State legislature amended La. R.S. 14:64 to raise the mandatory minimum sentence from five to ten years.[2]
^Defense counsel noted that, at the time of the guilty plea, he was not aware that the minimum sentence for armed robbery was ten years, and that the Defendant entered his guilty plea in reliance on the trial court’s promise of a five year sentence. The trial judge commented he was also unaware at the time of the guilty plea that the armed robbery statute had been amended. He informed the Defendant that he could either withdraw his guilty plea and proceed to trial, or allow the guilty plea to stand and accept a ten year sentence. The Defendant elected to withdraw his plea.
On August 1, 2001, the Defendant moved the trial court to enforce the original plea agreement, and thereby deviate from the statutory minimum sentence of ten years. The trial court reinstated the Defendant’s guilty plea based on the original plea agreement and sentenced the Defendant to five years.
The State appealed the trial court’s ruling. A panel of this Court vacated the Defendant’s guilty plea and sentence, and remanded the case for further proceedings. State v. Hernandez, 01-1147 (La.App. 5th Cir.3/13/02), 815 So.2d 126. Citing State v. Dorthey, 623 So.2d 1276 (La.1993), this Court stated:
The record indicates that the trial court felt a sentence of ten years imprisonment would not be appropriate for this defendant and stated reasons for deviation, but did not find the minimum statutory sentence of ten years to be constitutionally excessive. We note that the trial judge does have the authority to deviate from a legislatively mandated sentence; however, in order to deviate from the mandatory minimum sentence the trial judge must find that sentencing this defendant to the minimum term of imprisonment is constitutionally excessive in that it makes no “measurable contribution to acceptable goals of punishment” or that the minimum sentence amounted to nothing more that [sic] “the purposeful imposition of pain and suffering.”
State v. Hernandez, 01-1147 at p. 4, 815 So.2d at 128.
On July 1, 2002, the trial court took up the matter on remand. The Defendant’s guilty plea was reinstated again. The trial court again sentenced the Defendant to five years. The trial court specifically cited Dorthey as authority for |4the downward departure, found that the statutory minimum as applied to this case was constitutionally excessive and gave reasons for imposing a sentence below the minimum term allowed by the statute. The State again challenged the sentence on appeal.
In that appeal, this Court found that the Defendant had not proven, by clear and convincing evidence, that the imposition of the minimum term of years would be constitutionally excessive as applied to him. This Court explained that the Defendant’s youth and his first offender status were not sufficient justification to support a Dorthey departure from the statutory minimum sentence. This Court held that “the defendant did not prove, by clear and convincing evidence, that the imposition of the mandatory minimum sentence of ten years would be constitutionally excessive. Accordingly, the trial court erred in deviating *97 from the statutory minimum in sentencing the defendant.” This Court vacated the Defendant’s sentence and again remanded the case to the trial court for further proceedings, reserving to the Defendant his right to withdraw his guilty plea. State v. Hernandez, 02-892 (La.App. 5th Cir.1/28/03), 839 So.2d 281.
On March 12, 2003, the Defendant again appeared before the trial court. He again argued that the trial court should re-sentence him to a term below the mandatory minimum provided by law, citing new facts to support his position. The judge once again sentenced the Defendant to five years, giving reasons why the mandatory minimum sentence would be constitutionally excessive in this case. In addition to the previously articulated reasons, the Defendant’s youth (16 at the time of the offense) his first offender status and his family and community support, the trial court added that the Defendant had earned a GED diploma and that the co-defendant was allowed to plead to first degree robbery, a lesser offense, and was sentenced to just three years in prison even though he was an adult at the time, a second offender, and was charged with contributing to the Defendant’s 1 ¡¡delinquency as a minor. The State again appeals bringing the case back before this Court.

ASSIGNMENT OF ERROR NUMBER ONE

In the only assignment of error, the State complains that the trial court erred in re-sentencing the Defendant to five years incarceration, a term less than the mandatory minimum of ten years prescribed for armed robbery (La. R.S. 14:64), because the mandatory minimum sentence was not shown by clear and convincing evidence to be constitutionally excessive in this case.
A mandatory minimum sentence is presumed to be constitutional. The burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional. He must show he is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, 97-1906, p. 8 (La.3/4/98), 709 So.2d 672, 676. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the case before it that would rebut the presumption of constitutionality. State v. Johnson, supra; State v. Temple, 01-655 (La.App. 5th Cir. 12/12/01), 806 So.2d 697. It is not the role of the sentencing court to question the wisdom of the legislature in setting mandatory minimum punishments for criminal offenses. Rather, “the sentencing court is only allowed to determine whether the particular offender before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.” State v. Johnson, supra.
On March 12, 2003, the Defendant appeared before the trial court on remand. Based on this Court’s prior opinions, the trial court could have either sentenced the Defendant, according to the provisions of La. R.S. 14:64, to a sentence greater than the mandatory minimum sentence of ten years or allowed the Defendant to withdraw his guilty plea and proceed to trial. The trial court was not at liberty, based on this Court’s previous opinion, to again sentence the Defendant [ (¡below the statutorily provided mandatory minimum sentence of ten years on the plea of armed robbery. Therefore, we are setting aside the illegally imposed sentence and reserving to the Defendant the right to withdraw his guilty plea. State ex rel Miller v. Whitley, 615 So.2d 1335 (La.1993); State v. Hernandez, *98 02-892, p. 6, (La.App. 5th Cir.1/28/03) 839 So.2d 281,285.
However, we note that the Defendant has on prior remands “reinstated” his previous plea which was based on the erroneous information that he would receive a five year sentence. Hereinafter, if the Defendant chooses not to withdraw his guilty plea to the crime of armed robbery, it is with the informed knowledge that he will be sentenced at the minimum to the statutorily prescribed mandatory minimum sentence of ten years imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

ERRORS PATENT DISCUSSION

The record on remand was reviewed for errors patent. La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990). We note that at the time of the Defendant’s original sentencing on October 12, 2000, the trial court advised him that he would have two years “from today’s date” to apply for post-conviction relief. This was not correct information under La.C.Cr.P. art. 930.8. The trial court did not mention the provisions of Article 930.8 at the time of the Defendant’s second sentencing, on August 1, 2001, or his third sentencing on July 1, 2002 because we have vacated the Defendant’s current sentence, the error is rendered moot. However, for purposes of judicial economy, we note the error so that it may be corrected when the Defendant is resentenced.
Accordingly, the Defendant’s sentence below the mandatory minimum for the crime of armed robbery, to which he pled guilty, is vacated and the case remanded to the trial court for resentencing. The trial court is ordered to |7resentence the Defendant within the statutorily prescribed sentencing range for that offense (10 to 99 years) or permit him to withdraw his guilty plea and proceed as provided by law.
SENTENCE VACATED; CASE REMANDED.

. The records pertaining to the State’s earlier appeals, Nos. 01-KA-1147 and 02-KA-0892, are included herein as exhibits.

. The sentencing provisions of La. R.S. 14:64 were amended by 1999 La. Acts No. 932, § 1, effective July 9, 1999. Defendant was alleged to have committed the armed robbery on December 22, 1999.