973 So.2d 104 (2007)
STATE of Louisiana
v.
Lemar WARMACK.
No. 07-KA-311.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
*106 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux Anne Wallis, Assistant District Attorneys, Gretna, LA, for Plaintiff/Appellee.
Bruce G. Whittaker, Attorney at Law Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
Lemar Warmack, the defendant herein, appeals his conviction and sentence in this criminal matter. For, reasons that follow, we affirm and remand this matter to the trial court with orders.
The defendant was charged by bill of information with two counts of criminal activity. Count one charged the defendant with being a convicted felon in possession of a firearm in violation of La. R.S. 14:95.1. The second count was a charge of possession of marijuana, second offense, in violation of La. R.S. 40:966(A).
In due course, the defendant went before a jury for a trial on the merits on both offenses. At the start of the trial, the original bill of information was amended to change the predicate offense used for both counts to possession with the intent to distribute marijuana, rather than distribution of marijuana. At the conclusion of the trial, the twelve-person jury found the defendant guilty on both counts.
The defendant was sentenced to serve fifteen years at hard labor without the benefit of parole, probation, or suspension of sentence on count one, and one year at hard labor on count two, to run concurrent with his sentence on count one.
FACTS
Deputies, Aaron Verrette and Michael Nicolini, of the Jefferson Parish Sheriffs Office were on patrol in a marked police unit on July 29, 2005. The deputies were participating in a pro-active crime prevention operation in the 500 block of North Elm Street, a high crime area known for drug activity. At about 9:40 p.m. the officers observed a man, later identified as the defendant, leaning inside the window of a vehicle that was stopped in the middle of the street. As the officers approached, the vehicle sped away at a high rate of speed and the defendant began to walk away quickly, looking back over his shoulder at the officers. Because the activity looked suspiciously like drug activity, the officers got out off their unit and called for the defendant to "come back". Instead of obeying the officers' command, the defendant began to run away. He jumped a fence behind a nearby apartment complex with the two deputies in pursuit.
During the chase Deputy Verrette, who was closer to the defendant, saw the defendant reach under his shirt and pull out a gun from the front of the waistband of his pants. The defendant threw the gun to the ground and Deputy Verrette yelled to Deputy Nicolini to get the gun. Deputy Nicolini remained with the gun and Deputy Verrette apprehended the defendant. A search of the defendant produced a small bag of marijuana from his right front pocket.
LAW AND ANALYSIS
MOTION TO SUPPRESS
In brief to this Court, the defendant assigns three errors. In the first he *107 maintains the trial court erred in denying his motion to suppress the evidence. He argues the deputies did not have reasonable suspicion to stop him. The defendant asserts the deputies observed nothing to give them reasonable suspicion to believe he committed or was about to commit a crime. The defendant denies that his flight from officers is sufficient to support that suspicion.
The State responds that the experience and knowledge of the deputies and the known criminal activity in the area, combined with the defendant's behavior is sufficient to support the suspicion that a crime had been or was about to be committed. We agree.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. If evidence is derived from an unreasonable search or seizure, the proper remedy is exclusion of the evidence from trial. State v. Burns, 04-175 (La.App. 5 Cir. 6/29/04), 877 So.2d 1073, 1075.
Law enforcement officers are au thorized by La.C.Cr.P. art. 215.1, as well as state and federal jurisprudence, to perform investigatory stops which permit officers to stop and interrogate a person reasonably suspected of criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195, 1198 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). The Terry standard, as codified in La.C.Cr.P. art. 215.1, authorizes a police officer "to stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and to demand that the person identify himself and explain his actions." State v. Young, 05-702 (La.App. 5 Cir. 2/14/06), 938 So.2d 90, 96.
The "reasonable suspicion" needed for an investigatory stop is something less than probable cause and is determined under the facts and circumstances of each case by whether the officer had sufficient facts within his knowledge to justify an infringement on the individual's right to be free from governmental interference. State v. Burns, supra, 877 So.2d at 1075-76.
In a hearing on a motion to suppress, the State bears the burden of proof in establishing the admissibility of evidence seized without a warrant. La. C.Cr.P. art. 703(D). The trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Burns, supra. To determine whether the trial court's denial of the motion to suppress is correct, the appellate court may consider the evidence adduced at the suppression hearing as well as the evidence presented at trial. State v. Young, 05-702 (La.App. 5 Cir. 2/14/06), 938 So.2d 90, 96-97.
The facts upon which an officer bases an investigatory stop should be evaluated in light of the circumstances surrounding the incident. A reviewing court is to take into consideration the totality of the circumstances and give deference to the inferences and deductions of a trained police officer that might elude an untrained person. State v. Burns, supra at 1076. Factors that may support reasonable suspicion for an investigatory stop include an officer's experience, his knowledge of recent criminal, patterns, and his knowledge of an area's frequent incidents of crime. Id.
An individual's presence in a high-crime area alone is insufficient to justify an investigatory stop. However, his presence *108 in a high-crime area coupled with nervousness, startled behavior, flight or suspicious actions upon the approach of the officers, gives rise to reasonable suspicion for an investigatory stop. State v. Burns, supra, at 1076, citing State v. Barney, 97-777 (La.App. 5 Cir. 2/25/98), 708 So.2d 1205, 1207.
In State v. Burns, supra, this Court upheld the denial of a motion to suppress the evidence in a factual situation similar to that of the pending matter. Relying on Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), and State v. Johnson, 01-2081 (La.4/26/02), 815 So.2d 809 (per curiam), this Court determined that the defendant's unprovoked flight from the officers in a high-crime area provided the requisite reasonable suspicion to justify the investigatory stop.
We find State v. Burns, supra to be instructive in the matter before us. The factual circumstances are very similar. The defendant was seen by, trained police officers leaning into a car that was stopped in the middle of the street in a high crime area. When the defendant saw the officers approach in a marked vehicle, the car sped away at a high rate of speed and the defendant fled, while looking back at the deputies. When the officers got out of the police unit and called out to the defendant to come back, he broke into a run in the opposite direction.
Applying the applicable jurisprudence we find defendant's unprovoked flight from the officers in a high-crime area provided the requisite reasonable suspicion to justify the investigatory stop. Once defendant was lawfully stopped, a Terry pat down was conducted and marijuana was discovered on his person. Additionally, the discarded gun was properly seized as abandoned property.
When property is abandoned prior to any unlawful intrusion into a citizen's right to be free from governmental interference, the property may be lawfully seized. It is only when a defendant is stopped without reasonable suspicion that the "right to be left alone" is violated, thereby rendering the seizure of any abandoned property unlawful. State v. Young, 05-702 (La.App. 5 Cir. 2/14/06), 938 So.2d 90, 97-98. Accordingly, we find the trial court did not err in denying defendant's motion to suppress the evidence.
EXCESSIVE SENTENCE
In his second assignment of error, the defendant asserts that the trial court erred in imposing an excessive sentence. His argument specifically relates to the fifteen year on the conviction for being a convicted felon in possession of a firearm. The defendant argues that the sentence imposed which is the maximum under the law for this offense is appropriate in only the most egregious offenders. He asserts that he does fall into that category.
We note initially that the defendant did not make or file a motion to reconsider sentence pursuant to La.C.Cr.P. art. 881.1. He objected to his sentence at the sentencing hearing but did not state the specific grounds upon which his objection was based. The failure to file a motion to reconsider sentence, or to state specific grounds upon which the motion is based, limits a defendant to a review of his sentence for constitutional excessiveness only. State v. Stevenson, 05-52 (La.App. 5 Cir. 6/28/05), 908 So.2d 48, 55, writ denied, 05-2592 (La.6/2/06), 929 So.2d 1247.
This defendant was convicted of felon in possession of a firearm and faced a sentencing range of ten to fifteen years without the benefit of parole, probation, or suspension of sentence, and a fine between one thousand and five thousand dollars. La. R.S. 14:95.1(B). Defendant received the maximum 15-year sentence.
*109 The Eighth Amendment to the United States Constitution and Article If, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, 968, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839.
In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice. The trial judge is afforded wide discretion in determining sentence, and the Court Of Appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Brown, 04-230 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 902.
The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Brown, supra, at 902. Generally, the maximum sentences are reserved for cases involving the most serious violations of the offense charged and the worst type of offender. State v. Rhea, 03-1273 (La.App. 5 Cir. 2/23/04), 868 So.2d 863, 870.
In the present case, the defendant testified at trial. He admitted lying to the police and giving them a wrong name at lockup. He further admitted to having prior convictions for possession of cocaine, distribution of cocaine, and possession with the intent to distribute marijuana. In imposing sentence, the trial court specifically noted defendant had numerous offenses and opportunities to reform his life.
Based on the record, we do not find that the trial court abused its vast discretion in imposing the maximum fifteen year sentence for defendant's conviction for being a felon in possession of a firearm. The record shows defendant's conduct demonstrated a complete disregard for police authority. He ran from the police because of outstanding traffic attachments and gave a false name at the time of booking. Additionally, the gun he pulled from his waistband was loaded and had a bullet in the chamber ready to be discharged.
ERRORS PATENT
In his final assignment of error, the defendant requests that this Court review the record for errors patent. We have made such a review and find that the defendant was not re-arraigned on the amended bill of information. As discussed infra, the State amended the bill of information on the morning of trial to change the predicate offense upon which the two charged offenses were based. The original bill listed the predicate offense as distribution of marijuana. The amended bill reflects that the predicate offense was possession with intent to distribute marijuana. While the defendant objected to the amendment, the objection was to the use of a distribution offense being used as a basis for a second offense possession charge. No objection was made to the lack of arraignment on the amended bill.
The failure to re-arraign a defendant on an amended charge is waived if the defendant enters the trial without objecting to the omission. La.C.Cr.P. art. 555; State v. Narcisse, 01-49 (La.App. 5 Cir. 6/27/01), 791 So.2d 149, 152, writ denied, 01-2231 (La.6/14/02), 817 So.2d 1152. Since defendant did not specifically object to the lack of a re-arraignment on the amended bill, the irregularity was waived.
*110 We find the trial court erred in failing to impose the mandatory fine under La. R.S. 14:95.1. Thus, the defendant has received an illegally lenient sentence. We remand the matter to the trial court for imposition of a fine in accordance with the applicable statute. See: La.C.Cr.P. art. 882,
Finally, we note that although the commitment reflects defendant was advised of the two-year prescriptive period for filing an application for post-conviction relief, the sentencing transcript contradicts that statement. Where there is a discrepancy between the transcript and the commitment, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Accordingly we instruct the trial court to inform defendant of the two-year prescriptive period by sending written notice to defendant within ten days after the rendition of the appellate opinion and to file written proof in the record that defendant received said notice. State v. Pittman, 04-705 (La.App. 5 Cir. 12/28/04), 892 So.2d 641, 645-46, writ denied, 05-0228 (La.5/6/05), 901 So.2d 1094.
For reasons given herein, we affirm and, remand the matter to the trial court with orders to correct the sentence by imposing a fine in accordance with La. R.S. 14:95.1, and to inform the defendant of the two-year prescriptive period for filing an application for post-conviction relief by sending written notice to the defendant within ten days of the rendition of this opinion and to file written proof in the record that defendant received said notice.
AFFIRMED; MATTER REMANDED WITH ORDERS.