SUSAN M. CHEHARDY, Judge.
12Charles Shaw appeals his ten-year sentence following a conviction of possession of a firearm by a convicted felon. We affirm and remand for correction of patent errors.
On April 4, 2011, Charles Shaw was charged by bill of information with violation of La. R.S. 14:95.1, possession of a firearm by a convicted felon. He was arraigned on April 15, 2011, and pleaded not guilty. On March 28, 2012, the bill of information was amended to correct the statutory citation of the prior felony conviction. As amended, the bill of information alleged the defendant had been previously convicted of burglary of a building, in violation of Texas Penal Code sec. 30.02, under case number 117-1383 in the 182nd District [Court] of Harris County, Texas.
The defendant filed pretrial omnibus motions, including motions to suppress, but the record does not reflect rulings on all these pre-trial motions.[1] On March 28, 2012, the defendant proceeded to trial. A 12-person jury found him guilty as charged.[2] On April 18, 2012, the defendant filed a motion for new trial, arguing that the verdict was contrary to the law and evidence and that the ends of justice |srequired he be granted a new trial. On the same date, the defendant filed a motion for reconsideration of sentence, alleging his sentence was constitutionally excessive, and a motion for appeal.
On April 19, 2012, the trial court denied the defendant’s motion for new trial. He then was sentenced to imprisonment at hard labor for a term of ten years, to be served without benefit of parole, probation, or suspension of sentence. The court later also recommended that the defendant be admitted to any youthful offender programs available to him while in the custody of the Department of Corrections.
After noting that a motion to reconsider sentence had been filed, defense counsel stated that the motion would be filed again since the defendant had been sentenced. The defendant’s motion to reconsider sentence thereafter was denied. Defense counsel then mentioned that a motion for appeal had been “clocked in” and asked that the motion be lodged, that counsel be allowed to withdraw, and that the Louisiana Appellate Project be appointed. The court granted the motions and this appeal ensued.
FACTS
On March 1, 2011, Detective Derrick Leggett and Sergeant Anthony Synigal of the Jefferson Parish Sheriffs Office were working in the street crimes division patrolling the Beechgrove area in Westwego. Detective Leggett described “street crimes” as an enforcement division that works in high crime areas. He testified that the Beechgrove area was an area of high crime and drug activity.
*1193 Sergeant Synigal also testified that Bee-chgrove was a high crime area. He said that in the past, anonymous complaints were received about subjects carrying guns and selling drugs in the Beechgrove area. Sergeant Synigal admitted, [ 4however, that the complaints were not received on the same day that they were patrolling the area.
As they drove, they observed a subject who was walking while wearing a jacket on a hot day. Based on his training, Detective Leggett suspected the subject might be carrying a weapon, because he was wearing a jacket in the summer in a high crime area. Sergeant Synigal thought that the jacket and the subject’s hand in his waistband were suspicious. As a result, Detective Leggett and his partner elected to observe the subject further. Detective Leggett drove their vehicle into a parking lot near a building in the Bee-chgrove complex and they continued to watch the subject.
Detective Leggett and Sergeant Synigal noticed the subject’s right hand in his front waistband area as he walked. The subject turned around and looked at Detective Leggett and Sergeant Synigal in their unmarked unit. Detective Leggett explained that the unit had lights on its dashboard, so the subject could probably detect that they were police. Detective Leggett also described what he was wearing and said he looked like an officer. As the officers stopped their vehicle, the subject fled on foot, running away from them. The subject kept his right hand in his waistband, even while running. Detective Leggett and Sergeant Synigal identified the defendant in court as the subject who fled.
Detective Leggett and Sergeant Synigal exited their vehicle and chased the defendant. Sergeant Synigal, who was the passenger in the vehicle, exited the vehicle first. The chase began around “the 953 building.” They yelled at the defendant to stop and identified themselves as police officers. During the chase, the defendant removed his right hand from his waistband area and discarded a firearm to the ground near a back porch on the “east side of 973.” The defendant tossed the firearm with his right hand and continued to run. Sergeant Synigal | ^passed the firearm while he chased defendant, knowing that his partner was behind them.
Detective Leggett retrieved the firearm with an extended clip from the ground for safety, unloaded the weapon, placed it in his waistband, and then continued to chase defendant.[3] Detective Leggett caught up with the defendant and Sergeant Synigal, who had the defendant on the ground around “building 973.” Sergeant Synigal explained that the defendant was caught on the “south side of 973.” The defendant struggled briefly, but Detective Leggett and Sergeant Synigal gained control of him and handcuffed him.
Detective Leggett patted the defendant down for other weapons, and felt an object in his jacket pocket. A gun magazine with six live rounds was removed from the defendant’s right pocket. The defendant was advised of his Miranda rights.[4] The defendant said he lived in the area with his mother.
*1194 Lieutenant Kelly Carrigan of the Jefferson Parish Crime Lab, an expert in the field of latent print analysis, testified there were no usable latent prints present on the firearm with the extended magazine examined in this case. He explained that it is not uncommon to fail to obtain fingerprints from guns.
At trial the State and the defense stipulated that the defendant had pleaded guilty to violating Texas Penal Code 30.02, burglary of a building, on July 25, 2008, that the Texas conviction is an enumerated felony conviction under La. R.S. 14:95.1, and that it took place within the requisite ten-year time period. A certified copy of the conviction was also admitted for record purposes.
| .-ASSIGNMENT OF ERROR NUMBER ONE
In his only assignment of error, the defendant asserts the sentence is unconstitutionally excessive.
The defendant argues that his mandatory minimum sentence is unconstitutional in that it is excessive as applied to him, because he was a youthful offender who was 19 years old and may have shown bad judgment, but was not engaged in any other crimes on the day he was arrested. He requests that his sentence be vacated.
The State responds that the defendant has failed to rebut the presumption of constitutionality of his sentence and that his sentence should be upheld. Further, the State notes an error patent regarding the sentence, failure to impose a mandatory fine, and requests remand for correction of the omission.
“Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.” La.C.Cr.P. art. 881.1(E).
The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness only. State v. Ragas, 07-3, p. 10 (La.App. 5 Cir. 5/15/07), 960 So.2d 266, 272, writ denied, 07-1440 (La.1/7/08), 973 So.2d 732, cert. denied, 555 U.S. 834, 129 S.Ct. 55, 172 L.Ed.2d 56 (2008). See also La.C.Cr.P. art. 881.1.
Although the defendant filed a motion for reconsideration of sentence on April 18, 2012, the defendant was not actually sentenced until the following date. La.C.Cr.P. art. 881.1(A)(1) states, “In felony cases, within thirty days following |7the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.” (Emphasis added.) La.C.Cr.P. art. 881.1(B) further provides, “The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.” (Emphasis added.) An objection to a sentence or a motion to reconsider sentence filed before the sentence is imposed is premature. State v. Hunter, 10-552, p. 6 (La.App. 5 Cir. 1/11/11), 59 So.3d 1270, 1273.
Nevertheless, immediately after the defendant was sentenced, defense counsel acknowledged that a motion to reconsider sentence had been filed prematurely, and that it would be filed again since the defendant had been sentenced. Counsel stated that the sentence was excessive, although the court had imposed the mandatory minimum sentence with the comment that “the legislature has decided that 10 years is the *1195 mandatory minimum.” The court denied the motion to reconsider sentencing, explaining that it had considered “many factors” in sentencing and believed the mandatory minimum sentence was appropriate in this case.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. State v. Warmack, 07-311, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109.
 In reviewing a sentence for ex-cessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. The trial | ¡judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed. Id., 07-311 at 7-8, 973 So.2d at 109.
In reviewing a trial court’s sentencing discretion, the reviewing court should consider the nature of the crime, the nature and background of the offender, and the sentence imposed for similar crimes by the same court and other courts. State v. Pearson, 07-332, pp. 15-16 (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Williams, 03-3514, p. 14 (La.12/13/04), 893 So.2d 7, 16.
The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate; Warmack, 07-311 at 8, 973 So.2d at 109. “Sentence review under La. Const, art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case.” State v. Williams, 07-1111, p. 1 (La.12/7/07), 969 So.2d 1251, 1252 (per curiam).
A trial court is authorized to determine whether a mandatory minimum sentence is constitutionally excessive as applied to a particular defendant. State v. Williams, 10-265 p. 8 (La.App. 5 Cir. 11/9/10), 54 So.3d 98, 103 (citing State v. Dorthey, 623 So.2d 1276, 1281 (La.1993)). This review extends to all mandatory minimum sentences and not just those imposed under the habitual offender law. Williams, 10-265 at 8, 54 So.3d at 103 n. 3.
While a court has the authority to depart from a legislatively-mandated sentence, “the Legislature’s determination of an appropriate minimum sentence should be afforded great deference by the judiciary.” State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, 676. The decision in Dor-they “did not purport to grant |3a district court the power to usurp ... legislative prerogative or to impose what the court believes is the most appropriate sentence for a particular offender in a particular case.” State v. Celestine, 12-0241, p. 3 (La.7/2/12), 92 So.3d 335, 336 (per curiam) (quotation omitted).
This Court has recognized that a mandatory minimum sentence is presumed to be constitutional. State v. Hernandez, 03-424, p. 4 (La.App. 5 Cir. 10/15/03), 860 So.2d 94, 97. The burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional. Id. A court may depart from the mandatory sentence only if it finds *1196 clear and convincing evidence in the case that would rebut the presumption of constitutionality. Id.
To rebut the presumption that the mandatory minimum sentence is constitutional, a defendant must show, by clear and convincing evidence, that, “because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.”
Williams, 10-265 at 8, 54 So.3d at 104 (citation omitted). Downward departures from a mandatory minimum sentence should occur only in rare cases. Id.
The defendant did not specifically argue for a downward deviation during sentencing or when he moved for reconsideration of his sentence. Such an argument may be implied, however, because he was asking for reconsideration of a mandatory minimum sentence. Nevertheless, this Court has found that a Dorthey claim is encompassed in the Court’s review for constitutional exeessiveness. State v. Horne, 11-204, p. 10 (La.App. 5 Cir. 2/14/12), 88 So.3d 562, 569, writ denied, 12-0556 (La.6/1/12), 90 So.3d 437.
In this case, the defendant was sentenced pursuant to La. R.S. 14:95.1, which provides for mandatory imprisonment of not less than ten years at hard labor |!0without the benefit of probation, parole, or suspension of sentence, and a mandatory fine of not less than one thousand dollars nor more than five thousand dollars. See La. R.S. 14:95.1(B). The defendant contends that the mandatory minimum sentence he received was excessive in light of his youth and the fact that there was no evidence he was engaged in any other crimes at the time he was found to be in possession of the firearm.
The record, however, reflects that the trial judge was aware of and considered many factors regarding the defendant and this case before determining that the mandatory minimum sentence was appropriate.
When the defendant was sentenced, the judge explained he had considered the entire record and the defendant’s youth. The judge further said he had considered the sentencing guidelines in accordance with La.C.Cr.P. art. 894.1. The judge believed there was an undue risk that during any period of the sentence without incarceration the defendant would commit another crime, and he found the defendant in need of correctional treatment. The defendant then received the mandatory minimum imprisonment term of ten years.
The trial judge denied the defendant’s motion for reconsideration of sentence, which was re-urged once the defendant was sentenced. The judge explained he had considered many factors in sentencing and believed the mandatory minimum sentence was appropriate.
The defendant argues that being in possession of the firearm was the sole offense he was committing when he was arrested. However, the trial judge may not have considered this mitigatory under the circumstances, when the defendant’s criminal behavior could have been interrupted by police intervention and in itself was criminal in nature. Further, the judge was aware that the defendant had a prior conviction for burglary of a business.
|nWe find that the defendant has failed to rebut the presumption of constitutionality of his sentence. The defendant has not presented clear and convincing evidence to suggest his situation is the kind of rare situation that warrants a downward departure. The defendant was carrying a loaded weapon with an extra magazine in his pocket. He disregarded police authority by refusing to stop when advised to do so *1197 and by struggling with the officers once he was detained.
In Warmack, 07-311 at 8, 973 So.2d at 109, this Court concluded the trial court did not abuse its vast discretion in imposing the maximum 15-year sentence for the defendant’s conviction of being a felon in possession of a firearm, when the defendant had three prior convictions for drug offenses.[5] In doing so, this Court noted that the defendant ran from the police, demonstrating a complete disregard for police authority, and the gun he pulled from his waistband was loaded and had a bullet in the chamber ready to be discharged.
Although the defendant argues that his youth should warrant a downward departure, this Court has recognized that age is an insufficient justification for a downward departure in a sentence. State v. Lee, 09-37, p. 8 (La.App. 5 Cir. 5/12/09), 15 So.3d 229, 233-34.
In addition, the defendant claims he was only in possession of the firearm and was not engaged in any other crimes on the day he was arrested. In State v. Becnel, 04-1266, p. 12 n. 8 (La.App. 5 Cir.5/31/05), 904 So.2d 838, 849 n. 8, the Court pointed out, “[T]he reason for possessing a firearm is irrelevant to the offense of possession of a firearm by a convicted felon since the law does not require that the convicted felon possess the firearm with the intent to use it in an illegal manner.”
|12In State v. Wilson, 09-170, pp. 7-8 (La.App. 5 Cir. 11/10/09), 28 So.3d 394, 401-02, writ denied, 09-2699 (La.6/4/10), 38 So.3d 299, this Court found the maximum 15-year sentence pursuant to La. R.S. 14:95.1 was not constitutionally excessive. In doing so, we noted the seriousness of the defendant’s actions in leaving a loaded weapon on the seat of an unlocked car.
In the present case, the defendant discarded a loaded firearm on the ground as he attempted to flee from the police. In the context of the record, it appears the firearm was near a back porch and what was believed to be a child’s chair.
In addition, although defendant argues he received the mandatory minimum sentence, we note that the trial court did not impose the mandatory fine set out in La. R.S. 14:95.1.[6]
Accordingly, we find the trial court did not abuse its sentencing discretion in imposing the mandatory minimum term of imprisonment under the circumstances of this case.
ERROR PATENT DISCUSSION
Examination of the record for errors patent on its face is a routine part of this Court’s review. See La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). We find several patent errors, but not all of them require correction.
Errors Not Requiring Correction
The bill of information in this case was amended to change the statutory citation for the prior felony conviction used as the basis for the La. R.S. 14:95.1 charge. The defendant was not re-arraigned when the State amended the bill to change the citation to the statute for the prior felony offense. Even if re-arraignment were required after the amendment, however, the defendant proceeded 1 ]Sto trial without objection; therefore, he waived any irregularity. La.C.Cr.P. art. 555; Warmack, 07-311 at 8-9, 973 So.2d at 109.
*1198 In addition, the defendant’s written motions for appeal and for reconsideration of sentence were premature, because they were filed on April 18, 2012, although the defendant was not sentenced until April 19, 2012.
The commitment and the transcript reflect that the defendant’s motion to reconsider sentence was denied after sentencing. According to the order, the motion for appeal was granted on April 19, 2012, the same date as sentencing. The commitment and the transcript indicate that the motion for appeal was granted after sentencing.
A premature appeal need not be dismissed when a sentence is imposed after the motion for appeal is filed. See State v. Proctor, 04-1114, p. 10 (La.App. 5 Cir. 3/29/05), 901 So.2d 477, 484 n. 4. Further, defense counsel admitted that the motion to reconsider sentence was filed prior to sentencing; but after sentencing, counsel said the motion was being re-filed and he made oral arguments for reconsideration of the sentence. We find the premature motions require no corrective action.
Finally, the defendant received an illegally lenient sentence. La. R.S. 14:95.1(B) provides for a mandatory fine of not less than one thousand dollars nor more than five thousand dollars. In this case, neither the commitment nor the transcript reflects the imposition of the mandatory fine required under the statute.
The State has raised the absence of the mandatory fine in its response on appeal.
An appellate court has the authority under La.C.Cr.P. art. 882 to correct an illegally lenient sentence at any time, even if the issue of an illegal sentence was not raised by the defendant or the State. State v. Campbell, 08-1226, p. 8 (La.App. 1,45 Cir. 5/26/09), 15 So.3d 1076, 1081, writ denied, 09-1385 (La.2/12/10), 27 So.3d 842. This authority is permissive rather than mandatory. State v. Horton, 09-250, p. 10 (La.App. 5 Cir. 10/27/09), 28 So.3d 370, 376.
This Court has used that authority to notice the failure of the trial court to impose a mandatory fine and to remand the matter for imposition of a mandatory fine. In indigent defendant matters, however, we often have decided not to use that authority. See Horton, 09-250 at 10, 28 So.3d at 376, where this Court declined to remand the matters for imposition of the mandatory fine due to the indigent status of the defendants. We noted that the defendants were represented by the Louisiana Appellate Project, which provides appellate services for indigent criminal defendants in non-capital felony cases. See also State v. Pitt, 09-1054 (La.App. 5 Cir. 4/27/10), 40 So.3d 219, writ denied, 10-1141 (La.12/10/10), 51 So.3d 725.
In the present case, the defendant is represented by the Louisiana Appellate Project.
In State v. Caffrey, 08-717, p. 10 (La.App. 5 Cir. 5/12/09), 15 So.3d 198, 205, writ denied, 09-1305 (La.2/5/10), 27 So.3d 297, this Court recognized in its error patent review that the trial judge failed to impose the fine of “not less than one thousand dollars nor more than five thousand dollars” as mandated by La. R.S. 14:95.1(B), noting that the judge did not impose an excessive sentence, but rather an illegally lenient sentence. We explained that although the State noted the error in its brief on appeal, it neither objected at the time of sentencing nor appealed the error. We recognized our authority to correct an illegally lenient sentence on our own motion as permissive rather than mandatory, but refrained from taking such action.
*1199 11BIn this case, we elect to follow Caffrey and Horton, and we refrain from ordering imposition of the mandatory fine. Due to the defendant’s indigent status, we decline to remand this matter for imposition of the mandatory fine.
Errors Requiring Correction
There are other patent errors that require corrective action, however, due to discrepancies between the transcript and the commitment.
Generally, where there is an inconsistency between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
First, the commitment states, in pertinent part:
Plea was acceptable to the State.
The Court advised the Defendant of his/ her rights. The right to a trial by judge/jury. The right to confront his/ her accusers. The right against self-incrimination. The Defendant waived these rights and a waiver of rights form was executed and filed into this record. Note of evidence taken.
Thus, the commitment suggests the defendant’s conviction was based on a guilty plea, when instead the defendant was convicted after a trial by a jury. The commitment also suggests that a note of evidence was taken, but the transcript included in the record does not reflect this. The transcript reflects that the sentencing delays were waived after the motion for new trial was denied, but that is not reflected in the commitment. In addition, the commitment reflects only that the defendant was convicted of “CONVICTED FELON WITH A WEAPON.”
In State v. Turner, 10-995, p. 7 (La.App. 5 Cir. 9/27/11), 75 So.3d 491, 494, writ denied, 11-2379 (La.4/27/12), 86 So.3d 625, this Court noted that the commitment reflected that the defendant pleaded guilty to “CONVICTED FELON WITH A WEAPON” when, more accurately, he pleaded guilty to “felon in | ^possession of a firearm.” In Turner we remanded the matter for the limited purpose of clarifying the commitment.
Finding that the commitment in this case requires amendment, we shall remand this case for correction of the commitment regarding the previously discussed errors. See La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
DECREE
For the foregoing reasons, the conviction and sentence are affirmed. The case is remanded and the district court is ordered to amend the minute entry and commitment to describe properly the crime of which the defendant was convicted, since he actually was charged with and convicted of being a convicted felon in possession of a firearm. The district court is further ordered to amend the minute entry to remove the language that indicates the conviction was based on a guilty plea.
We further order the district court to direct the clerk of court to transmit the minute entry to the officer in charge of the institution to which the defendant has been sentenced,.as well to the legal department of the Department of Corrections.

AFFIRMED AND REMANDED

. Nevertheless, when a defendant does not object to the trial court’s failure to rule on a motion prior to trial, the motion is considered waived. State v. Wise, 05-221, p. 7 (La.App. 5 Cir. 10/6/05), 916 So.2d 290, 293.

. The minute entry for the jury trial does not include the verdict returned and instead reflects “In progress!)]” However, the transcript and written jury verdict reflect that defendant was found guilty as charged of possession of a firearm by a convicted felon.

. The weapon was loaded with a magazine inserted into it. One round was in the chamber of the .380 handgun and there were 15 rounds in an extended magazine. As such, there were a total of 16 rounds.

. Another officer "ran” the gun and conducted an "NCIC check” on the defendant. After the defendant was arrested, it was learned that he had traffic attachments.

. We note the maximum term of imprisonment under La. R.S. 14:95.1 has been increased to 20 years. See La. R.S. 14:95.1(B).

. See Error Patent discussion, below.