MURPHY, J.
|, Defendant appeals his sentence following a conviction for one count of aggravated incest. For the reasons that follow, we affirm and remand with instructions.
FACTS[1] AND PROCEDURAL HISTORY
This case comes before us for the second time on appeal. In defendant’s first appeal, we affirmed his convictions for one count of aggravated rape in violation of La. R.S. 14:42 (count one), four counts of aggravated incest in violation of La. R.S. 14:78.1 (counts two, six, seven, eight), one count of indecent behavior with juveniles in violation of La. R.S. 14:81 (count three), one count of aggravated oral sexual battery in violation of La. R.S. 14:43.4 (count four), and one count of sexual battery in violation of La. R.S. 14:43.1 (count five). We vacated defendant’s sentences imposed February 19, 2013, as to counts one, two, three, four, and five, and reinstated defendant’s original sentences on those counts imposed January 7, 2013.[2] Upon finding that defendant’s sentence for count six was illegally lenient, we remanded the matter to the trial court with instructions to resentence defendant. State v. Do, 13-290 (La.App. 5 Cir. 11/19/13), 130 So.3d 377, writ denied, 13-2907 (La. 6/20/14), 141 So.3d 285.
On remand, the trial court sentenced defendant on count six to 25 years at hard labor without the benefit of probation, parole or suspension of sentence. Defendant thereafter filed an application for post-conviction relief which challenged his sentence for count six as excessive. After the trial court denied post-conviction relief, *1051 this court granted defendant’s writ and ordered the district court |2to consider defendant’s APCR as an out of time appeal.[3] The instant timely appeal followed.
ASSIGNMENT OF ERROR
In his sole assignment of error, defendant contends that the 25-year sentence for aggravated incest (count six) is constitutionally excessive.
LAW AND ANALYSIS
The record in this matter demonstrates that defendant did not object to the sentence imposed, either on the date of resentencing or by way of a timely filed motion for reconsideration of sentence. The failure to file a motion to reconsider sentence limits a defendant to a review of the sentence for constitutional excessiveness. La. C.Cr.P. art. 881.1(E); State v. Dupre, 03-256 (La.App. 5 Cir. 5/28/03), 848 So.2d 149, 153, writ denied, 03-1978 (La. 5/14/04), 872 So.2d 509. To constitute an excessive sentence, a court must find that “the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering.” State v. Guzman, 99-1753 (La. 5/16/00), 769 So.2d 1158, 1167. Trial judges are granted great discretion in imposing sentences, and a sentence will not be set aside as excessive absent a clear abuse of that discretion. State v. Parker, 03-288 (La.App. 5 Cir. 7/29/03), 853 So.2d 67, 69. The issue on appeal is whether the trial judge abused his discretion, and not whether another sentence might have been more appropriate. Id.
With respect to count six, defendant was convicted of aggravated incest in violation of La. R.S. 14:78.1. The applicable prior version of La. R.S. 14:78.1(C)(2)[4] provided:
[.■¡Whoever commits the crime of aggravated incest on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
Thus, defendant was given the mandatory minimum sentence under the statute. This Court has recognized that a mandatory minimum sentence is presumed to be constitutional. State v. Hernandez, 03-424 (La.App. 5 Cir. 10/15/03), 860 So.2d 94, 97. The burden is on the defendant to rebut the presumption of constitutionality by showing that he is exceptional. Id. A court may only depart from the mandatory sentence if it finds clear and convincing evidence in the case that would rebut the presumption of constitutionality. Id. This Court has recognized the following:
To rebut the presumption that the mandatory minimum sentence is constitutional, a defendant must show, by clear and convincing evidence, that, “because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.”
*1052 State v. Williams, 10-265, p. 8 (La.App. 5 Cir. 11/9/10), 54 So.3d 98, 104. Downward departures from a mandatory minimum sentence should only occur in rare cases. Id.
In this case, defendant first argues that, considering his age of 50, a 25-year sentence essentially amounts to imprisonment for life, which “will exact needless pain and suffering” on defendant.[5] While defendant’s advanced age could génerally be considered by the trial court in sentencing, it is hot a factor specifically recognized under La. C.Cr.P. art. 894.1. In addressing similar issues in other sex abuse cases, appellate courts have looked at, among other variables, specific aspects of the case such as the age of the victim, the defendant’s relation to |4the victim used to aid defendant in the commission of the crime, as well as the victim’s emotional injuries. State v. Warmack, 49,880 (LaApp. 2 Cir. 5/20/15), 166 So.3d 424. In the instant case, defendant was convicted of various forms of sexual abuse committed upon his young, biological daughters and sister-in-law over the course of nine years. His convictions have been affirmed on appeal. For this particular aggravated incest conviction, defendant faced a possible life sentence, but received the mandatory minimum sentence, which was ordered to run concurrently with the sentences for his seven other convictions. In considering the grievousness of defendant’s actions, we cannot say that the concurrent mandatory minimum sentence in this case shocks our sense of justice or that the trial court abused its great sentencing discretion. State v. Sanderson, 49,957 La.App. 2 Cir. 7/22/15, 174 So.3d 149.
Defendant further contends that in light of the victim’s recantation, a 25-year sentence is constitutionally excessive. In defendant’s first appeal, this Court addressed as an assignment of error the issue of the victim’s recantation in the context of the trial court’s denial of defendant’s motion for new trial. We found defendant’s argument lacked merit.[6] This issue is “law of the case”[7] to the extent that defendant now asks us to again review the veracity of the victim’s recantation in the instant appeal. Further, defendant’s argument addresses sufficiency of the evidence rather than the constitutional excessiveness of his sentence, the sole issue before us in this second appeal. See State v. Wise, 14-378 (LaApp. 5 Cir. 10/15/14), 182 So.3d 63, 73-74, writ denied, 14-2406 (La. 9/18/15), 178 So.3d 143.
ERROR PATENT REVIEW
The record was reviewed for errors patent, according to La. C.Cr.P. art. *1053 920; State v. Oliveaux, 312 So.2d 337 (La. 1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). We note one error which requires correction. Under La. R.S. 14:78.1(E)(1), “the court shall, after determining the financial resources and future ability of the offender to pay, require the offender, if able, to pay the victim’s reasonable costs of counseling that result from the offense.” The resentencing transcript and the commitment in this case do not indicate that the trial judge assessed defendant’s ability or ordered him to pay the victim’s reasonable costs of counseling in compliance with the statute. Therefore, we remand this matter for the trial court to comply with La. R.S. 14:78.1(E). See State v. Arable, 07-806 (La.App. 5 Cir. 3/11/08), 982 So.2d 136, writ denied, (La. 11/21/08), 996 So.2d 1104.
DECREE
For the foregoing reasons, defendant’s sentence is affirmed. The matter is remanded with instructions.
AFFIRMED; REMANDED WITH INSTRUCTIONS

. The underlying facts of this case are contained in defendant’s first appeal, cited infra.

. On January 7, 2013, on count one, defendant was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence. On count two, defendant was sentenced to fifteen years at hard labor. On count three, defendant was sentenced to seven years at hard labor. On count four, defendant was sentenced to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. On count five, defendant was sentenced to ten years at hard labor without benefit of parole, probation, or suspension of sentence. On counts six, seven, and eight, defendant was sentenced to fifteen years at hard labor, on each count. All sentences were ordered to be served concurrently; and, as to counts two, six, seven, and eight, the court required defendant to bear the cost of counseling.

. State v. Do, 16-157 (La. App. 5 Cir. 5/12/15) (unpublished writ).

. A defendant is to be tried under the statute in effect at the time of the commission of the crime. State v. Weaver, 01-0467 (La. 1/15/02), 805 So.2d 166, 170. In defendant’s original appeal, this Court determined that count six occurred on or around November 13, 2007. La. R.S 14:78.1 was repealed in its entirety by Acts 2014, No. 177, § 2, effective August 1, 2014 and Acts 2014, No. 602, § 7, effective June 12, 2014.

. At the outset, as indicated above, we note that defendant has, in fact, received a life sentence without benefits for his aggravated rape conviction, which this court affirmed in his first appeal,

. In finding no merit in defendant’s claims in his prior appeal, we reasoned, in part:
Recantations of trial testimony should be looked upon with the utmost suspicion. State v. Tyler, 342 So.2d 574 (La. 1977), cert. den., 431 U.S. 917, 97 S.Ct. 2180, 53 L.Ed.2d 227 (1977). Absent special circumstances, to refuse to grant a new trial on such a basis is not an abuse of discretion. State v. Clayton, supra. This is because a recantation at a new trial is a confession to perjury which destroys the credibility of the witness. State v. Linkletter, 345 So.2d 452 (La. 1977), cert., den., 434 U.S. 1016, 98 S.Ct. 733, 54 L.Ed.2d 760 (1978).
State v. Do, 13-290 (La.App. 5 Cir. 11/19/13), 130 So.3d 377, 388.

.Under the discretionary principle of “law of the case,” an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. State v. Burciaga, 05-357 (La.App. 5 Cir. 2/27/06), 924 So.2d 1125, 1128; State v. Junior, 542 So.2d 23, 27 (La. App. 5 Cir. 1989), writ denied, 546 So.2d 1212 (La. 1989).