EDWARD A. DUFRESNE, JR., Chief Judge.
 

 |2The Jefferson Parish District Attorney filed a bill of information on January 10, 2007, charging defendant, Daniel Ronq-uille, with possession of cocaine, in violation of LSA-R.S. 40:967(C).
 
 [1]
 
 At the arraignment, defendant pled not guilty. On March 23, 2007, the trial court heard and denied defendant’s motion to suppress evidence. The matter thereafter proceeded to trial on May 10, 2007. After considering the evidence presented, the jury found defendant guilty of possession of cocaine.
 

 On May 31, 2007, the trial judge sentenced defendant to five years to run consecutively with defendant’s sentence in another case. On the same date as sentencing, the State filed a multiple offender bill of information alleging defendant to be a fourth felony offender. After being advised of his rights, defendant, on July 27, 2007, admitted to the allegations in the multiple offender |3bill. The trial judge vacated defendant’s original sentence and then sentenced him to twenty years at hard labor without benefit of parole, probation, or suspension of sentence. In addition, the court ordered that twelve years of the sentence run consecutively and eight years run concurrently with the sentence defendant was already serving. On September 11, 2008, the trial court granted defendant an out-of-time appeal.
 

 FACTS
 

 On December 19, 2006, Deputy Paul Sperandeo of the Jefferson Parish Sheriffs Office was patrolling a high crime and narcotics area in Marrerro, Louisiana. At approximately 1:09 a.m., he initiated a traffic stop of a vehicle in which defendant was a passenger. Deputy Sperandeo approached the vehicle and asked the driver, Willis Granier, to exit and to produce a driver’s license, proof of insurance, and registration.
 

 During the officer’s interaction with the driver, he observed that defendant became nervous, that he was visibly shaking, and that he kept looking over his shoulder at the officer. Based on these observations as well as the fact that there were other passengers in the car, Officer Sperandeo asked defendant to exit the vehicle. According to Deputy Sperandeo, defendant
 
 *413
 
 opened the vehicle door with his left hand while holding a video game in his right hand. Defendant then cupped his left hand under his right hand and the video game. As defendant began to stand up to exit the vehicle, the officer observed an off-white rock-like object fall from defendant’s hand and land on the floorboard of the vehicle. Deputy Sperandeo testified that, based on his training and experience, he immediately identified the object that was dropped as consistent with crack cocaine. The officer placed defendant in custody and then retrieved the object. Officer Thomas Angelica, a pforensic scientist with the Jefferson Parish Sheriffs Office Crime Lab, testified that he tested the off-white material and found it positive for cocaine.
 

 At trial, defendant admitted to having a drug problem, but denied being in possession of crack cocaine on the day of the incident and claimed that the officer planted the cocaine to frame him. Defendant also testified that he was not nervous or shaking prior to his removal from the car because he did not have any crack cocaine; rather, he was merely playing a video game. Moreover, defendant testified that if he had possessed one little piece of crack cocaine, like the one shown in court, he would have swallowed it instead of dropping it in front of Deputy Sperandeo and risking arrest.
 

 Willis Granier, the driver of the vehicle, testified for the defense. According to Granier, at the time of the stop, two of the female passengers were going into the neighborhood to try to buy crack cocaine; however, defendant was not interested in purchasing crack cocaine. Granier further testified that he did not see defendant drop anything when he exited the vehicle.
 

 Debra Cloud, defendant’s girlfriend, testified that Deputy Sperandeo ordered defendant out of the car within a minute of their being stopped, handcuffed him, and searched his pockets. After all the other passengers were ordered out of the vehicle, Deputy Sperandeo thoroughly searched the vehicle and then returned to his vehicle and talked to another officer. Cloud testified that Deputy Sperandeo then searched the stopped vehicle a second time. During this second search, Deputy Sperandeo went to the passenger side of the vehicle, reached in, came out with what appeared to be a bag or envelope, shook it, and said, “Look what I found.”
 

 |
 
 ¿ANDERS BRIEF
 

 On appeal, defendant’s appellate counsel filed a brief pursuant to the procedure approved by the United States Supreme Court in
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. The
 
 Anders
 
 procedure used in Louisiana was discussed in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990), sanctioned by the Louisiana Supreme Court in
 
 State v. Mouton,
 
 95-981 (La.4/28/95), 653 So.2d 1176, 1177
 
 (per
 
 curiam), adopted for use by this Court in
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110, and expanded by the Louisiana Supreme Court in
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, 242
 
 (per curiam).
 

 To comply with
 
 Jyles,
 
 appellate counsel must not only review the procedural history of the case and the evidence presented at trial, but also his brief must contain “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.”
 
 State v. Jyles,
 
 704 So.2d at 242 (quoting
 
 State v.Mouton,
 
 653 So.2d at 1177).
 

 
 *414
 
 When an
 
 Anders
 
 brief is filed, the appellate court reviews (1) the bill of information to insure that the defendant was properly charged, (2) all minute entries to insure that the defendant was present at all crucial stages of the proceedings, the jury composition, verdict, and the sentence, (3) all pleadings in the record, and (4) all transcripts to determine if any ruling provides an arguable basis for appeal. If, after an independent review, the court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the | (icourt-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellate counsel.
 
 State v. Bradford,
 
 676 So.2d at 1110-1111.
 

 Defendant’s appellate counsel has asserted that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Appellate counsel has determined that the issue of whether there was sufficient evidence to convict the defendant of possession of cocaine does not present an arguable issue for appeal. In addition, appellate counsel notes that as part of his plea bargain, defendant received the minimum sentence that could be given; and therefore, he is legally precluded from arguing that his sentence is excessive.
 

 Our independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. A review of the bill of information reveals that defendant was properly charged. In addition, a review of all minute entries reveals that defendant was present at all crucial stages of the proceedings, that the jury composition and verdict were correct, and that the sentence imposed was legal. Also, a review of all pleadings in the record, jury sheets, and all transcripts do not reveal any arguable basis for appeal.
 

 Along with the appellate brief and a request for an error patent review, the appellate counsel has filed a motion to withdraw as attorney of record, which states that she sent defendant a letter to inform him that she had filed an
 
 Anders
 
 brief and that he has the right to file a supplemental brief. Additionally, this Court sent defendant a letter, by certified mail, informing him that an
 
 Anders
 
 brief had been filed and that he had until March 23, 2009, to file a supplemental brief. Defendant has filed a supplemental brief raising three assignments of error. We will now address the arguments raised by defendant.
 

 JjPRO SE ASSIGNMENT OF ERROR ONE
 

 In his first assigned error, defendant challenges the sufficiency of the evidence used to convict him.
 
 [2]
 
 Defendant specifically contends that the State’s evidence presented through the testimony of one witness, Deputy Sperandeo, was insufficient to convict him of possession of cocaine, especially since the officer’s testimony had internal contradictions regarding where the cocaine fell, how many passengers were in the vehicle, and how many passengers were female. Defendant also suggests that Deputy Sperandeo planted the drug evidence in this case, as he had in a previous traffic stop. Defendant further notes that all of the defense witnesses
 
 *415
 
 testified that there were no drugs in the vehicle when it was stopped.
 

 The standard for review of the sufficiency of the evidence on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).
 

 In order to support a conviction for possession of cocaine pursuant to LSA-R.S. 40:967, the State must prove beyond a reasonable doubt that the defendant was in possession of the cocaine and that he knowingly possessed it. The element of possession may be proven by showing that the defendant exercised either actual or constructive possession of the cocaine. Proximity to the drug or association with its possessor may establish a prima facie case of possession when colored by other evidence.
 
 State v. Walker,
 
 03-188 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, 65,
 
 writ denied,
 
 03-2343 (La.2/6/04), 865 So.2d 738. The trier of fact shall evaluate the credibility of witnesses, and when faced with a conflict in testimony, is free to accept or reject, in whole or in part, the testimony of any witness.
 
 State v. Bradley,
 
 03—384 (La.App. 5 Cir. 9/16/03), 858 So.2d 80, 84,
 
 writs denied,
 
 03-2745 (La.2/13/04), 867 So.2d 688 and 08-1951 (La.1/30/09), 999 So.2d 750.
 

 In the present case, Deputy Sperandeo testified that after initiating a traffic stop in a high crime and narcotics area, he noticed that defendant, a passenger, was sitting “extremely upright.” Then, as he was questioning the driver, defendant was extremely nervous and repeatedly looked over his shoulder at him. Later, he observed that defendant was physically shaking. Deputy Sperandeo testified that defendant made him feel unsafe; and therefore, he ordered defendant to exit the vehicle for officer safety. According to Deputy Sperandeo, he observed an off-white, rock-like item fall from defendant’s hands, as he exited the vehicle. The officer further stated that he never lost sight of the object, and he did not observe any of the other occupants of the vehicle move over to the area where defendant was seated. Deputy Sperandeo was positive that the object that he picked up was the exact same object that fell from defendant’s hand. Deputy Sperandeo testified that based on his training and experience, he immediately identified the white object that was dropped as consistent with crack cocaine. Officer Angelica, the forensic scientist, found that the object was positive for cocaine.
 

 While the State presented the majority of its case through the testimony of Deputy Sperandeo, this Court has previously found that in the absence of internal contradiction or irreconcilable conflicts with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support the requisite factual finding.
 
 State v. Wright,
 
 05-477 (La.App. 5 Cir. 12/27/05), 920 So.2d 871, 875,
 
 writ denied,
 
 06-1141 (La.2/16/07), 949 So.2d 404. In addition, while there was a conflict in the testimony of the State and defense witnesses, the jury heard all the testimony including any inconsistencies in Deputy Sperandeo’s testimony and resolved any conflicts in the testimony in favor of the State. Based on the | ¡¡evidence presented by the State through the testimony of Deputy Sperandeo, we conclude that the jury could have found beyond a reasonable doubt that defendant was guilty of possession of cocaine. Accordingly, this assigned error is without merit.
 

 PRO SE ASSIGNMENT OF ERROR TWO
 

 In his second assigned error, defendant claims that his appellate record is
 
 *416
 
 incomplete; and therefore, a review cannot be made of the assigned errors. Specifically, defendant claims that the record does not include the voir dire transcript, the State’s opening and closing statements, and the jury charges. Defendant contends that because the voir dire transcript is missing, it is impossible to determine whether the jurors were biased, prejudiced, or impartial, as well as whether the trial court properly used peremptory challenges to dismiss or accept jurors. In addition, defendant contends that because the State’s opening statement is missing, he cannot assign an error regarding a reference to other crimes mentioned in it. Also, without the State’s closing statement, he is unable to determine if improper remarks were made. Further, defendant is unable to determine whether the trial judge properly instructed the jury on the law applicable to the case without a transcript of the charges read to the jury.
 
 [3]
 

 LSA-C.Cr.P. art. 914.1(A) states in pertinent part that “[t]he party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings necessary, in light of the assignment of errors to be urged.” Portions of the transcript that do not relate to anticipated assignment of errors shall not be furnished to a party for purposes of the appeal. LSA-C.Cr.P. art. 914.1(B). Consequently, the party making the motion for appeal bears the burden of furnishing the appellate court with a record of the trial proceedings needed for | l0review; and therefore, any inadequacy of the record is imputable to the appellant. Since an appellate court must render its judgment based upon the record filed on appeal, if transcripts, exhibits, or other documentation is missing and the appellant fails to act, there is no basis for the appellate court to determine that the trial court erred.
 
 State v. Shaw,
 
 00-1051 (La.App. 5 Cir. 2/14/01), 785 So.2d 34, 42,
 
 writ denied,
 
 01-0969 (La.2/8/02), 807 So.2d 861. However, the appellate court may designate additional portions of the transcript of the proceedings that are necessary for full and fair review of the assigned errors. LSA-C.Cr.P. art. 914.1(B).
 

 In
 
 State v. Sharp,
 
 35,714 (La.App. 2 Cir. 2/27/02), 810 So.2d 1179, 1194,
 
 writ denied,
 
 02-1736 (La.6/6/03), 845 So.2d 1081, the defendant claimed that the record was incomplete because the voir dire transcript and the reading of the indictment were not furnished. The defendant claimed he could not prepare his assignments of error without the transcript. Therefore, the defendant asked that the appellate court order a complete copy of the transcript including the voir dire. The appellate court declined noting that the defendant is not entitled to supplement the record on appeal unless he showed that the requested record was related to specific assigned errors. The appellate court found that neither the defendant nor his attorney assigned as error any issues involving the jury voir dire. In addition, the appellate court noted that the defendant’s generic allegations and his assertion that he needed the transcript to prepare his assignments of error amounted to a fishing expedition, and therefore, was insufficient to require a supplementation of the record.
 
 State v. Sharp,
 
 810 So.2d at 1194.
 

 In the present case, the record reveals that prior to the granting of defendant’s out-of-time appeal, he filed a motion for production of the trial transcript, the sentencing transcript, and the jury instructions. In its order of July 31, 2008, the trial judge informed defendant that as the
 
 *417
 
 case was currently | ^postured, he was not entitled to free transcripts. In addition, the trial judge informed defendant that if he was granted an out-of-time appeal through the filing of an application for post-conviction relief, the relevant portions of the trial could be ordered. However, defendant failed to request them after he received this out-of-time appeal. In addition, like the defendant in
 
 State v. Sharp,
 
 the defendant in this case has failed to show that the voir dire transcript, the State’s opening and closing statements, and the jury charges are related to specific errors assigned by either him or his attorney. In fact, defendant’s appellate counsel notes that the minute entry on the selection of jurors does not indicate that there were any challenges for cause that were denied or granted by the trial judge over defense objections or any motions for mistrial, nor were there any motions for mistrial made during opening statements. Therefore, defendant is not entitled to supplement the record on appeal nor is any supplementation necessary for this Court to conduct a meaningful review of the assigned errors. This assigned error is without merit.
 

 PRO SE ASSIGNMENT OF ERROR THREE
 

 In his final assigned error, defendant claims that the State withheld exculpatory evidence which showed the State’s only witness lied during his testimony. Specifically, defendant contends that the State withheld aerial photographs which were taken on December 19, 2006. Defendant contends that the outcome of the trial would have been different if he had access to the photographs because the jury would have seen that he was “sitting on the curb of the street and not under arrest and placed in a police unit” when the cocaine was found, as testified to by all the defense witnesses. Defendant asserts that the jurors would have seen that Deputy Speran-deo took the cocaine out of his police car and planted 112it on him; and therefore, the jury would not have given Deputy Speran-deo’s testimony any weight.
 

 The record does not support defendant’s argument. On March 23, 2007, over a month before trial, the State filed a notice of the documents that it submitted and provided to the defense. This document specifically noted that the aerial photographs taken on December 19, 2006, were available for the defense to review. Therefore, the State did not either willfully or inadvertently suppress the aerial photographs that defendant contends would have impeached Deputy Sperandeo. Accordingly, this assigned error is without merit.
 

 ERROR PATENT DISCUSSION
 

 We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975).
 

 Based on the foregoing discussion, we find that defendant’s pro se arguments are without merit. Moreover, because appellate counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we grant counsel’s motion to withdraw as attorney of record.
 

 Accordingly, defendant’s conviction and sentence are hereby affirmed.
 

 CONVICTION AND SENTENCE AFFIRMED.
 

 [1]
 

 . The bill of information also charged defendant with aggravated burglary, in violation of LSA-R.S. 14:60. However, that count of the bill was dismissed by the State on April 9, 2008.
 

 [2]
 

 . Defendant's appellate counsel notes that a claim based on the sufficiency of the evidence to convict defendant of possession of cocaine does not present an arguable issue for appeal.
 

 [3]
 

 . A copy of the instructions read to the jury is included in the record. The trial judge signed and dated the jury instructions on the date of defendant's trial.