*1167
 
 PER CURIAM.
 
 [1]
 

 h Granted. The ruling of the Fourth Circuit is affirmed in part and reversed in part.
 

 We agree with the court of appeal that the trial court erred in granting defendants’ motion to suppress to the extent that the ruling would exclude at trial the original questionnaires signed individually and submitted by defendants to the Gaming Control Board in pursuit of a video poker license and any testimony by investigator Fellon concerning information he gained as a result of an investigation which allegedly revealed misrepresentations in both questionnaires.
 
 State v. Charles, et al.,
 
 09-0126 (La.App. 4th Cir.2/9/09). The Fifth Amendment protects only against compelled self-incrimination,
 
 Fisher v. United States,
 
 425 U.S. 391, 397, 96 S.Ct. 1569, 1574, 48 L.Ed.2d 39 (1976)(“The Court has held repeatedly that the Fifth Amendment is limited to prohibiting the use of ‘physical | ?pr moral compulsion’ exerted on the person asserting the privilege.”) (citations omitted), and the questionnaires, false in many respects according to the state and therefore self-incriminating to that extent, were voluntarily prepared by defendants and voluntarily submitted to the Board in pursuit of the sought-after gaming license.
 
 United States v. Doe,
 
 465 U.S. 605, 610, 104 S.Ct. 1237, 1241, 79 L.Ed.2d 552 (1984)(“Where the preparation of business records is voluntary, no compulsion is present.”) (footnote omitted). Thus, “the Fifth Amendment would not be violated by the fact alone that the papers on their face might incriminate the [preparer], for the privilege protects a person only against being incriminated by his own compelled testimonial communications.”
 
 Fisher,
 
 425 U.S. at 409, 96 S.Ct. at 1580.
 

 However, we disagree with the court of appeal that the trial court did not err in granting the motion to suppress to the extent that the ruling would exclude “all evidence taken from the respondents when they were interviewed by Kipp O. Fellon, including the documents obtained and initialed by the respondents.”
 
 *1168
 

 Charles,
 
 09-0126 at 1. We recognize that even in cases in which the contents of a document may not be privileged, “the act of producing the document may be.”
 
 Doe,
 
 465 U.S. at 612, 104 S.Ct. at 1242. When investigator Fellon paid a visit to defendants at the bar or lounge they owned and asked them to review their questionnaires and to initial the bottom of each page if they saw no need to make any changes, the investigator invited a testimonial response with Fifth Amendment implications because he asked defendants
 
 “to
 
 restate, repeat, or affirm the truth of the contents” of the questionnaires.
 
 Fisher,
 
 425 U.S. at 409, 96 S.Ct. at 1580.
 

 Nevertheless, the trial court erred in ruling that the failure of the investigator to advise defendants of their
 
 Miranda
 
 rights required exclusion of the | ..initialed statements. The warnings required by
 
 Miranda
 
 apply only when a person is questioned by law enforcement after he has been “taken into custody or otherwise deprived of his freedom of action in any significant way.”
 
 Miranda v. Arizona,
 
 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). In the present case, investigator Fellon did not subject defendants to custodial interrogation or its equivalent when he sat with them at a table in their place of business as they reviewed and initialed the questionnaires. Fellon did not place defendants under formal arrest, nor did he subject them to the restraint associated with a formal arrest, before he gathered up the initialed questionnaires, inspected the licenses on the premises, took some photographs, and departed.
 
 Stansbury v. California,
 
 511 U.S. 318, 322, 114 S.Ct. 1526, 1528-29, 128 L.Ed.2d 293 (1994)(“In determining whether an individual was in custody [for
 
 Miranda
 
 purposes], a court must examine all of the circumstances surrounding the interrogation, but the ultimate inquiry is simply whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.”)(internal quotation marks, brackets, and citations omitted). Although Fellon believed that he had probable cause to arrest both defendants at the time, “an officer’s subjective and undisclosed view concerning whether the person being interrogated is a suspect is irrelevant to the assessment whether the person is in custody.”
 
 Stansbury,
 
 511 U.S. at 319, 114 S.Ct. at 1527;
 
 see Beckwith v. United States,
 
 425 U.S. 341, 346-47, 96 S.Ct. 1612, 1616, 48 L.Ed.2d 1 (1976)(Although the investigation had focused on defendant at the time IRS agents interviewed him in a private home, defendant was not in custody for purposes of
 
 Miranda
 
 because it was “the compulsive aspect of custodial interrogation, and not the strength or content of the government’s suspicions at the time the questioning was conducted, |4which led the Court to impose the
 
 Miranda
 
 requirements with regard to custodial questioning.”) (internal quotation marks and citation omitted).
 

 The trial court’s ruling on defendants’ motion to suppress is therefore vacated in its entirety and this case is remanded to the district court for further proceedings consistent with the views expressed herein.
 

 [1]
 

 . Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tempore,
 
 participating in the decision.