TERRI F. LOVE, Judge.
|rThe State filed a bill of information charging Michael Brown with possession with intent to distribute heroin and possession of cocaine. The defendant subsequently entered a plea of not guilty and filed a motion to suppress the evidence. Appellant maintains that his detention by police amounted to an arrest for which there was no probable cause and that he was not read his Miranda rights prior to relinquishing the contraband. We find that there was sufficient evidence to support the issuance of the search warrant given the controlled purchase of cocaine from Appellant at the residence. We find no abuse of discretion in the trial court’s credibility determination as to Appellant’s claim that he was not read his Miranda rights and the court’s denial of the motion to suppress the evidence. The Appellant’s convictions and sentences are affirmed.
LEGAL AND PROCEDURAL HISTORY
The State filed a bill of information charging Appellant with possession with the intent to distribute heroin and possession of cocaine. Appellant entered a not guilty plea. A hearing on motions was later conducted, and the matter was taken under advisement; the state and defense were to submit memoranda. The ruling on motions that was scheduled for September 14, 2005, did not occur due to the after effects of Hurricane Katrina. Both parties submitted memoranda to the district 2court, and district court issued a subsequent ruling denying the motion to suppress the evidence. The motion hearing was later reopened for Appellant’s testimony. Thereafter, the district court again denied the motion to suppress the evidence. Following a bench trial, Appellant was found guilty of possession of heroin and possession of cocaine. In August 2007, Appellant pled guilty as a second felony offender and was sentenced on count one pursuant to La. R.S. 15:529.1 to serve five years at hard labor. As to count two, appellant was sentenced to serve three years at hard labor. The sentences were ordered to run concurrently with each other and with any parole time that he might owe. The district court granted appellant’s motion for an out-of-time appeal.
FACTUAL BACKGROUND
The record reflects that Officer Jackson was informed by a confidential informant that someone name “Mike” was selling co- *991 eaine from the residence located at 2314 Clouet Street. The informant made a controlled buy from “Mike” at that location while Officer Jackson observed from a surveillance location that was set up prior. Thereafter, Officer Jackson obtained a search warrant for the residence and verified that Michael Brown lived at that location. Officer Jackson and Detectives Evans and Jacque later arrived at the residence to execute the warrant. After a couple of minutes, the officers observed appellant exit the residence with another man and leave in a vehicle. The officers pursued and stopped the vehicle after a couple of blocks. Appellant was advised that the officers had a search warrant for the residence and that he was under investigation for narcotics violations. Appellant and the other man were placed in the back of the police vehicle and taken back to 2314 Clouet Street. The two men were not handcuffed; Officer Jacque rode in the back seat with them.
|aTwo of the officers entered the residence and observed four other individuals in the house. All four of those individuals were arrested for possession of drug paraphernalia. Once the location was secure, Appellant was taken into the house and given a copy of the search warrant. He was also advised of his Miranda rights and Appellant indicated that he understood those rights. Officer Jackson then asked Appellant whether he wanted to declare any narcotics, weapons, or money. He replied in the affirmative and proceeded to remove from the front of his pants a plastic bag containing twenty-two foils of heroin and a plastic bag containing one piece of crack cocaine. A sum of money was also seized. No additional contraband was found during the subsequent search of the residence.
Appellant testified at the motion hearing and stated that the police approached him in May of 2005 while he sat on his front porch. The officers allegedly warned him that they were aware of his drug activity and told him to stop selling drugs. Because he was on parole at the time, Appellant heeded the officers’ advice and stopped selling drugs in May.
Appellant further testified that on June 27, 2005, he left the house that night with his uncle and was headed to the store when he was pulled over by police. He testified that the police asked him if he had any drugs, and he replied no. Appellant testified that the officers searched the vehicle he was driving. Appellant and his uncle were then handcuffed, placed in the back of the police vehicle, and taken back to the house. He, his uncle, and the other occupants of the house were placed in the living room and were individually taken to a back bedroom and questioned by police. Appellant was the last to be questioned. Appellant testified that when he arrived in the bedroom, the officers unfastened his pants and retrieved the drugs. Appellant testified that he could not retrieve the drugs himself because |4he was handcuffed. Appellant denied telling the officers he had drugs on his person. Appellant also testified that he was not informed of his Miranda rights.
Appellant’s trial was relatively short and consisted of the identification of the search warrant and evidence seized from Appellant by Officer Jackson. The State and defense counsel stipulated that Criminalist Corey Hall was an expert in the analysis and identification of controlled and dangerous substances. Counsel for both parties also stipulated that the two foils that were actually tested gave a positive result for heroin and that the rock that was seized tested positive for cocaine.
ERRORS PATENT
Our review of the record reveals that there are no errors patent.
*992 MOTION TO SUPPRESS EVIDENCE
In a single assignment of error, appellant asserts that the district court erred by denying the motion to suppress the evidence. At issue is whether Appellant was properly detained when such detention was based solely on the search warrant and the seizure of the contraband from his pants. Appellant avers that his detention by police amounted to an arrest for which there was no probable cause and that he was not read his Miranda rights prior to relinquishing the contraband.
There was sufficient evidence to support the issuance of the search warrant, given the controlled purchase of cocaine from appellant at the residence. See State v. Green, 2002-1022 (La.12/4/02), 831 So.2d 962; State v. Johnson, 408 So.2d 1280, 1283 (La.1982); State v. Rando, 2003-0073 (La.App. 4 Cir. 4/9/03), 848 So.2d 19. A warrant to search premises for contraband, founded on probable cause, implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted. Michigan v. Summers, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Moreover, the controlled buy also provided the police with sufficient probable cause to arrest Appellant even though no arrest warrant was obtained. See State v. Robertson, 2002-0156, pp. 7-8 (La.App. 4 Cir. 2/12/03), 840 So.2d 631, 636-37. Thus, Appellant was properly detained by the officers.
Insofar as Appellant asserts that he was not read his Miranda rights, Officer Jackson testified at the motion hearing that he advised Appellant of his rights prior to asking him whether he had any contraband to declare. Officer Jackson recited those rights in open court. Also, Officer Jackson indicated that Appellant verbally stated to him that he understood his rights. Appellant testified that he was not advised of his rights. The district court judge indicated in a written judgment issued after hearings on Appellant’s motion to suppress evidence that he accepted the police officer’s testimony as believable.[1] A determination of credibility lies within the sound discretion of the trial court and should not be disturbed unless clearly contrary to the evidence. State v. Vessell, 450 So.2d 938 (La.1984). Also, a trial court’s ruling on a motion to suppress is entitled to great weight. State v. Craft, 2003-1852, p. 5 (La.App. 4 Cir. 3/10/04), 870 So.2d 359, 363; State v. Banks, 2000-0525, pp. 6-7 (La.App. 4 Cir.10/17/01), 800 So.2d 28, 33. The ruling of a trial judge on a motion to suppress will not be disturbed absent an abuse of discretion. State v. Long, 2003-2592, p. 5 (La.9/09/04), 884 So.2d 1176. We do not find that district court abused its discretion in denying the motion to suppress the evidence.
| «CONCLUSION
Accordingly, we find no abuse of discretion in the district court’s denial of Appellant’s motion to suppress evidence. We affirm Appellant’s convictions and sentences.
CONVICTIONS AFFIRMED SENTENCES AFFIRMED.

. During his argument at the conclusion of the motion hearing conducted on March 17, 2006, defense counsel stated that the police report shows that appellant was not read his rights. However, the report included in the record reveals no such declaration.