EDWARD A. DUFRESNE, JR., Chief Judge.
 

 LOn February 7, 2008, the Jefferson Parish District Attorney filed a bill of information charging defendant, Joseph D. Dee, with possession with intent to distribute heroin in violation of LSA-R.S. 40:966(A). At the March 20, 2008 arraignment, defendant pled not guilty. Thereafter, on June 23, 2008, the trial judge heard and denied defendant’s motions to suppress evidence and statements.
 

 The matter proceeded to trial on March 17 and 18, 2009. After considering the evidence presented, the twelve person jury found defendant guilty as charged. Defendant filed a motion for new trial on April 15, 2009, and the trial judge denied this motion on April 17, 2009. Thereafter, the trial court sentenced defendant to forty years imprisonment at hard labor, with the first twenty years to be served |swithout benefit of parole, probation, or suspension of sentence. Defendant now appeals.
 

 FACTS
 

 In January of 2008, Detective Ashton Gibbs of the Gretna Police Department was involved in a narcotics investigation which targeted defendant. Specifically, on January 22, 2008, Detective Gibbs was contacted by a confidential informant who told him that defendant was selling heroin out of room 20 of the Oasis Motel in Gretna. That afternoon, the confidential informant, under Detective Gibbs’ constant surveillance, went to the Oasis Motel and purchased heroin from defendant. Immediately after the purchase, the confidential informant met with Detective Gibbs and turned over the four foil packets of heroin that he had just purchased.
 

 As part of his investigation, Detective Gibbs met with a member of the motel staff and was given a registration card with defendant’s name on it for room 20. Although John Holmes’ name was also on the registration card, he was not the subject of the investigation. In addition, the officers conducted surveillance of the motel and observed defendant entering and exiting room 20. Defendant was also seen entering a Honda Accord.
 

 After defendant’s presence was corroborated at the motel, Detective Gibbs, on January 23, 2008, applied for and obtained a search warrant for room 20. Thereafter, Detective Gibbs, along with assisting members of the major crimes task force, went to the motel to execute the warrant. Upon arrival, Detective Gibbs noticed that the black Honda Accord was missing from the parking lot. However, the vehicle was located at a convenience store about one block from the motel. Defendant was seated in the driver’s seat of the vehicle. Detective Gibbs approached defendant, identified himself as a police officer, and asked defendant |4where he was staying. Defendant replied that he was staying in room 20 at the Oasis Motel. Detective Gibbs told defendant he was the subject of a criminal investigation and that a search warrant had been issued for room 20 of the Oasis Motel. For the officers’ safety, defendant was detained using handcuffs, and a pat down of his outer clothing was conducted for weapons. Defendant was advised of his constitutional rights, and he acknowledged that he understood his rights. Defendant was placed in the rear
 
 *896
 
 of a police unit and was transported to the Oasis Motel.
 

 Defendant was given a copy of the warrant and was asked if he had a key for room 20. Defendant said he had a key in his pants’ pocket. Detective Gibbs retrieved defendant’s key chain, which contained a gold key and a black key. The gold key was used to gain access to room 20. A security sweep of the room revealed no one was present in the room. Thereafter, the room was searched.
 

 A black Sentry safe was found in the room. The black key recovered from defendant was used to open the safe. Inside the safe, a shaving cream can was found, and it contained a false compartment. The bottom of the can was unscrewed, and a clear plastic bag with brown powder substance was discovered inside the can. A bluish, felt bag with two more clear plastic bags containing a brown powder substance was also found inside the can. A preliminary field test determined this was heroin. Two digital scales and motel receipts were also found inside the safe. Defendant’s name appeared on some of the receipts. A clear plastic bag with a fíne white powder and a package of heavy duty aluminum were also found in the room.
 

 After the search was completed, defendant was presented with the evidence against him and was advised that he was under arrest. A search incident to defendant’s arrest resulted in the seizure of $497 in currency from his pants’ |fipocket. Detective Gibbs testified that defendant was not able to offer an explanation of how this money was obtained. He testified that defendant stated he was currently unemployed and did not have any source of income.
 

 Further testing confirmed that the brown powder substance was heroin. Also, the white powder was tested, and it was determined to be sodium bicarbonate, which is commonly used to cut drug products.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 In this assigned error, defendant’s appellate counsel challenges the sentence imposed as constitutionally excessive. Defendant was convicted of possession with intent to distribute heroin. LSA-R.S. 40:966(B)(1) provides that the penalty for this offense is “imprisonment for not less than five nor more than fifty years at hard labor at least five years of which shall be served without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a fine of not more than fifty thousand dollars.” In the present case, the trial court sentenced defendant to forty years at hard labor, with the first twenty years to be served without benefit of parole, probation, or suspension of sentence. Defendant now contends that his sentence is excessive noting that he was not a “big time drug dealer” who deserved a sentence of forty years. To support this argument of excessive sentence, defendant points out that the trial court’s only justification for the sentence was that any lesser sentence would deprecate the seriousness of the crime, that the trial court failed to consider any mitigating circumstances, and that the sentence was disproportionate to the crime and his history.
 

 Defendant did not file a motion to reconsider sentence in the trial court. Rather, at the time of sentencing, counsel noted an oral objection to the sentence imposed, but he failed to give any basis for his objection. The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the | (¡motion is based, limits a defendant to a review of the sentence only for constitutional excessiveness.
 
 State v. Ragas,
 
 07-3 (La.App. 5 Cir.
 
 *897
 
 5/15/07), 960 So.2d 266, 272,
 
 writ denied,
 
 07-1440 (La.1/7/08), 973 So.2d 732,
 
 cert. denied,
 
 — U.S. —, 129 S.Ct. 55, 172 L.Ed.2d 56 (2008);
 
 see also
 
 LSA-C.Cr.P. art. 881.1.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. Warmack,
 
 07-311 (La.App. 5 Cir. 11/27/07), 973 So.2d 104, 109.
 

 In reviewing a sentence for ex-cessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court’s sense of justice. The trial judge is afforded wide discretion in determining sentences, and the court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.
 
 State v. Berry,
 
 08-151 (La.App. 5 Cir. 6/19/08), 989 So.2d 120, 131,
 
 writ denied,
 
 08-1660 (La.4/3/09), 6 So.3d 767. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate.
 
 State v. Warmack,
 
 973 So.2d at 109.
 

 Based on our review of the record, we do not find that the trial court abused its wide discretion in imposing the forty year sentence on defendant. Before sentencing defendant, the trial judge requested that the State set forth defendant’s past criminal history for the record. The State provided that defendant pled guilty to manslaughter in 1992 and was convicted for attempted possession of cocaine in 1995. He also had prior arrests for aggravated battery,' aggravated assault, armed robbery, and possession of a firearm by a convicted felon. We further note that ^defendant had a significant amount of heroin in his motel room. Moreover, the scales, cutting agent, aluminum foil, motel receipts, and amount of the heroin indicate that defendant had an ongoing business involving the heroin.
 

 Considering the amount of heroin as well as defendant’s criminal history, we find that the sentence imposed is not excessive and further that the trial court did not abuse its discretion in sentencing defendant to forty years imprisonment. Accordingly, this assigned error is without merit.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER ONE
 

 On appeal, defendant challenges the trial court’s denial of his motion to suppress evidence and his motion to suppress statements.
 

 At the suppression hearing, Detective Gibbs testified about the circumstances leading to the issuance of the search warrant as well as the circumstances surrounding defendant’s statements. According to Detective Gibbs, on January 22, 2008, he was contacted by a confidential informant who told him that defendant was residing and selling heroin out of room 20 of the Oasis Motel in Gretna. Deputy Gibbs testified that he had used this informant in the past, over six times, and that he had proven to be reliable. Deputy Gibbs acknowledged that the confidential informant was paid for the information given in this case.
 

 Detective Gibbs met with the informant and presented him with a photograph of defendant. After viewing the photograph, the confidential informant positively identified defendant. Detective Gibbs then checked the confidential informant for
 
 *898
 
 money and contraband. Finding nothing, the detective supplied the informant with pre-recorded currency to facilitate a purchase of heroin from defendant at the Oasis Motel.
 

 Under constant surveillance, the confidential informant proceeded to the Oasis Motel and met defendant outside of room 20. The informant had a short ^conversation with defendant and then defendant went inside the motel room. He returned a few seconds later, at which time Detective Gibbs observed a hand-to-hand transaction between defendant and the informant outside of the motel room. Using binoculars, Detective Gibbs observed the confidential informant retrieve currency from his pocket and hand it to defendant. He then saw defendant release something that was cuffed in his hand into the hand of the confidential informant. A few minutes later, the informant met Detective Gibbs at a pre-arranged location and gave him four foil packets containing a brown powder substance. A preliminary field test confirmed the substance was heroin.
 

 Detective Gibbs testified that he returned to the Oasis Motel and continued to conduct surveillance on the room. He observed defendant exit the room and enter a black Honda Accord. Detective Gibbs followed the vehicle, but lost the vehicle due to traffic. Further, Detective Gibbs went to the motel management and inquired as to who registered for room 20. The detective received the registration card, which included defendant’s name.
 

 On the following day, a search warrant was obtained for room 20. After arriving at the motel for execution of the warrant, Detective Gibbs observed that the black Honda Accord was missing from the parking lot. The detective spoke to the manager and learned that defendant had paid for the room through that day. The area was canvassed, and the black Honda Accord was found about a block away from the motel at a convenience store. Defendant was seated in the driver’s side of the vehicle.
 

 Detective Gibbs approached defendant, identified himself as a police officer, identified who defendant was, and asked defendant where he was staying. According to Detective Gibbs, defendant responded that he was staying at the Oasis Motel in room 20. Defendant was advised that the officers had a search |9warrant for his motel room. Defendant was detained and advised of his
 
 Miranda
 
 rights. Detective Gibbs testified that defendant nodded his head to indicate he understood his rights and seemed capable of understanding his rights. The detective also testified that defendant did not ask to speak to an attorney or indicate that he did not want to speak to him.
 

 Detective Gibbs testified that defendant was not under arrest at this point. Defendant was brought to the Oasis Motel and was given a copy of the search and seizure warrant. After being questioned about the key to the room, defendant stated that the key for the room was in his pocket, and this key was used to gain entry into room 20. Initially, a security sweep was conducted of the room, but no individuals were located inside the room. Thereafter, the room was searched.
 

 During the course of the search, the officers retrieved a black safe that contained three plastic bags of a brown powder substance. A preliminary field test of the substance confirmed the presence of heroin. The officers also recovered motel receipts from the motel in defendant’s name, two digital scales, a clear plastic bag that contained a fine white powder, and a box of aluminum foil.
 

 
 *899
 
 Defendant was advised of the evidence found inside the room and was arrested. A search incident to this arrest revealed approximately $497 in currency on his person. According to Detective Gibbs, defendant could not explain a source of this income. In addition to Detective Gibbs’ testimony, the State introduced the application in support of the warrant and the search warrant at the suppression hearing.
 

 After considering the evidence presented, the trial judge denied the motion to suppress the evidence from the search warrant, finding there was probable cause for the issuance of the warrant. The trial judge also denied defendant’s motion to suppress statements. Defendant now challenges these denials.
 

 \mMotion to Suppress Evidence
 

 Defendant argues that there was no probable cause for the issuance of the search warrant because the warrant was based on Detective Gibbs’ misrepresentations. Defendant contends that there was no evidence that the confidential informant existed or that the transaction even took place. He appears to also challenge the informant’s reliability because Detective Gibbs could not recall specific details such as how many convictions resulted from this confidential informant’s tips in the past.
 
 [1]
 

 A search warrant may be issued only upon probable cause, to establish to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized. LSA-C.Cr.P. art. 162. Probable cause for the issuance of a search warrant exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.
 
 State v. Lee,
 
 05-2098 (La.1/16/08), 976 So.2d 109, 122, cert.
 
 denied,
 
 — U.S. —, 129 S.Ct. 148, 172 L.Ed.2d 39 (2008);
 
 State v. Johnson,
 
 08-265 (La.App. 5 Cir. 8/19/08), 994 So.2d 595, 598.
 

 In establishing that an informant’s tip is sufficient to provide a basis for a finding of probable cause, the affiant should include statements about the informant’s reliability and about the manner in which the informant obtained the information. Nevertheless, there are no specific tests to be satisfied by an informant’s tip, and the magistrate may issue the warrant when the totality of the |T circumstances, viewed in a commonsense and non-technical manner, establishes there is a fair possibility that contraband or evidence of a crime will be found in a particular place.
 
 State v. Barrilleaux,
 
 620 So.2d 1317, 1320 (La.1993). An affidavit supporting a search warrant is presumed to be valid and the defendant has the burden of proving that the representations made in the affidavit are false.
 
 State v. Johnson,
 
 994 So.2d at 599. The task for a reviewing court is simply to ensure that under the totality of the circumstances the magistrate had a “substantial basis” for concluding that probable cause existed.
 
 State v. Lee,
 
 976 So.2d at 122.
 

 In the present case, under the totality of the circumstances, we find that there was a substantial basis for concluding that
 
 *900
 
 probable cause to issue the search warrant existed. Detective Gibbs met with the confidential informant, who had provided him with valuable and reliable information in the past. The informant told Detective Gibbs that a black male named Joseph Dee was currently residing in room 20 of the Oasis Motel and was in possession of and distributing quantities of heroin. Detective Gibbs obtained a color photograph of defendant, and the confidential informant positively identified defendant as the subject currently distributing heroin.
 

 Thereafter, Detective Gibbs checked the confidential informant for money or contraband and then supplied the informant with pre-recorded funds to facilitate a pur-chase of heroin. Detective Gibbs conducted continuous surveillance of the C.I. as he met defendant outside of room 20. After a brief conversation, defendant went inside the motel room and then returned a few seconds later. Detective Gibbs then observed a hand-to-hand transaction between defendant and the confidential informant. While under constant surveillance, the confidential informant went to a pre-arranged meeting place and gave Detective Gibbs four foil packets containing a brown powder substance. A preliminary field test revealed that the substance was |T ¿heroin. Detective Gibbs conducted a registration check of room 20 with the manager and learned that room 20 was registered to defendant.
 

 We find that these facts and circumstances were sufficient to support the reasonable belief that defendant was staying at the motel and was distributing narcotics from that location, and that evidence of that offense or contraband might be found there. As such, the trial judge properly concluded that there was probable cause for issuing the search warrant.
 

 Although defendant appears to challenge the reliability of the confidential informant because Detective Gibbs could not recall specific details, including how many convictions resulted from the informant’s tips, this case involved more than a tip from a confidential informant in determining probable cause. In the instant matter, Detective Gibbs personally observed a hand-to-hand transaction between defendant and the confidential informant. Further, although defendant complains that the affidavit was based on Detective Gibbs’ misrepresentations, defendant has failed to prove that the representations made in the affidavit are false. Based on the foregoing discussion, we find that the trial court did not abuse its discretion by denying the motion to suppress evidence obtained from the execution of the search warrant.
 

 Motion to Suppress Statement
 

 Defendant argues that the trial court erred in failing to suppress his inculpatory statements because he was not advised of his
 
 Miranda
 

 [2]
 

 rights prior to the detective asking him questions. He also contends he did not answer these questions as stated by Detective Gibbs. The statements he challenges are that he resided in room 20 of the Oasis Motel and that he could not account for the $497 discovered on his person.
 

 | ^Before an inculpatory statement is introduced at trial, the State must prove that the declarant was advised of his or her
 
 Miranda
 
 rights prior to custodial interrogation. Custodial interrogation means questioning initiated by law enforcement officers after a person has been deprived of his freedom of action in any significant way. Spontaneous and voluntary statements, not given as a result of police interrogation or compelling influence, are admissible in evidence without
 
 *901
 

 Miranda
 
 warnings even where a defendant is in custody.
 
 State v. Castillo,
 
 389 So.2d 1307, 1310 (La.1980),
 
 cert. denied,
 
 453 U.S. 922, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981);
 
 State v. Pardon,
 
 97-248 (La.App. 5 Cir. 10/15/97), 703 So.2d 50, 62,
 
 writ denied,
 
 97-2892 (La.3/20/98), 715 So.2d 1207. The warnings required by
 
 Miranda
 
 apply only when a person is questioned by law enforcement after he has been taken into custody or otherwise deprived of his freedom of action in any significant way.
 
 State v. Charles,
 
 09-0433 (La.9/4/09), 16 So.3d 1166, 1168.
 

 In the present case, defendant was not subjected to custodial interrogation or its equivalent when Deputy Gibbs merely approached defendant, who was seated in his vehicle at a convenience store, identified himself as a police officer, and asked defendant where he was staying. There is nothing in the record to indicate that Detective Gibbs asserted any type of authority over defendant before defendant responded to his questions. The record does not show that he had his weapon drawn, that any police unit’s lights had been activated, that he physically contacted defendant, or even ordered defendant to stop. Defendant was not arrested or deprived of his freedom of action in any significant way at the time he admitted to staying in room 20 of the Oasis Motel; therefore, there was no error in the trial court’s admission of this statement despite the fact that
 
 Miranda
 
 warnings had not yet been given. At the time of the second statement, in which defendant | ucould not explain a source of currency found on his person, defendant had been arrested and advised of his
 
 Miranda
 
 rights. Therefore, there was no error in the admission of this second statement by the trial judge.
 

 Although defendant claims statements were made, Detective Gibbs testified that these statements were made. no A determination of credibility lies within the sound discretion of the trial court and should not be disturbed unless clearly contrary to the evidence.
 
 State v. Vessell,
 
 450 So.2d 938, 943 (La.1984).
 

 Based on the foregoing discussion, the trial court did not abuse its discretion in denying defendant’s motion to suppress the statements. Accordingly, the arguments raised by defendant in this assigned error are without merit.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER TWO
 

 Defendant argues he was illegally arrested in violation of his Fourth Amendment rights. Specifically, he argues that his detention at the convenience store, his placement in the police unit, and the transportation to the motel amounted to an illegal arrest.
 

 We first note that defendant did not challenge the arrest as illegal in the trial court, and further, there is no indication in the record that the legality of defendant’s arrest was ever made a part of defendant’s motion to suppress. Defendant is apparently raising this issue for the first time on appeal. As such, this issue has not been properly preserved for appellate review. LSA-C.Cr.P. art. 841. Moreover, even if the issue had been properly preserved for appellate review, we find it to be without merit.
 

 A warrant to search premises for contraband, founded on probable cause, implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted.
 
 Michigan v. Summers,
 
 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). Further, the controlled buy witnessed by Detective Gibbs between the confidential informant and defendant on the previous day also provided the police with sufficient
 
 *902
 
 probable cause to arrest defendant even though no arrest warrant was obtained.
 
 See State v. Brown,
 
 09-0657 (La.App. 4 Cir. 10/14/09), 23 So.3d 989.
 

 In the present case, defendant was not arrested until the heroin was found in the motel room. Defendant admitted that he was residing in the room at the motel, and he was seen entering and exiting the room during surveillance of the room. In addition, defendant’s name was on the registration card for the motel room, receipts were found in the room with defendant’s name, and defendant had keys that opened the door to the room and to the safe that was found inside of the room. After the heroin was discovered and a field test determined it was indeed heroin, defendant was properly arrested, especially considering the evidence that tied him to the room. Accordingly, this alleged error is likewise without merit.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER THREE
 

 In this assigned error, defendant argues that he was prejudiced when the State brought attention to a previous alleged investigation without following the procedure set forth in LSA-C.E. art. 404(B)(1). He contends that the investigation was based on distribution of narcotics and that the jury was led to believe he was a drug dealer. Defendant is apparently arguing that this line of questioning improperly allowed the introduction of other crimes evidence.
 

 During direct examination of Detective Gibbs, the prosecutor asked Detective Gibbs the following question regarding the investigation: “Now, back in January, particularly January 22nd, 2008, were you participating with the major drug task force in a narcotics investigation at that motel?” After Detective Gibbs responded affirmatively, the prosecuting attorney asked the detective who was the target of his investigation. Detective Gibbs responded that defendant was the |ifitarget. At this time, defense counsel objected to the reference to defendant being the target of the investigation. Also during the examination, the prosecutor questioned Detective Gibbs about John Holmes, whose name was also on the registration card of the motel. The prosecutor asked Detective Gibbs if he had “any information regarding John Holmes being involved in the distribution or illegal trafficking of narcotics, particularly heroin?” Detective Gibbs responded, “No.” The prosecutor then confirmed that the sole purpose for Detective Gibbs being at the motel was because of defendant. Defendant claims that he was prejudiced by this improper admission of other crimes evidence because it led the jury to believe that he was a career drug dealer.
 

 This testimony challenged by defendant is not other crimes evidence, nor does it imply that defendant committed any crimes in the past. Rather it simply describes information regarding the matter defendant was currently on trial for. Defendant has shown no prejudice by this testimony. Accordingly, this assigned error is without merit.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER FOUR
 

 In this assigned error, defendant argues that he cannot file an adequate appeal brief due to incomplete transcripts. Specifically, defendant contends that the opening statements and closing arguments are omitted from the transcripts.
 

 LSA-C.Cr.P. art. 914.1(A) states in pertinent part that “[t]he party making the motion for appeal shall, at the time the motion is made, request the transcript of that portion of the proceedings necessary, in light of the assignment of errors to be urged.” Portions of the transcript that do
 
 *903
 
 not relate to anticipated assignment of errors shall not be furnished to a party for purposes of the appeal. LSA-C.Cr.P. art. 914.1(B). Consequently, the party making the motion for appeal bears the burden of furnishing the appellate court with a record of the trial proceedings needed for |17review; and therefore, any inadequacy of the record is imputable to the appellant.
 
 State v. Shaw,
 
 00-1051 (La.App. 5 Cir. 2/14/01), 785 So.2d 34, 42,
 
 writ denied,
 
 01-0969 (La.2/8/02), 807 So.2d 861;
 
 State v. Ronquille,
 
 09-81 (La.App. 5 Cir. 5/26/09), 16 So.3d 411, 416.
 

 In the present case, the opening statements and closing arguments were apparently not requested because counsel did not anticipate nor include any arguments regarding opening statements or closing arguments on appeal. It is noted that the court reporter reflects in the transcript that there were no objections lodged regarding the opening statement of the State. Further, the court reporter reflects in the transcript that there were no objections to the State’s closing argument or argument in rebuttal. Defendant cannot demonstrate prejudice because no objections were made during opening statement and closing argument to preserve any such challenges. Absent a showing of prejudice based on the missing portion of the transcripts, a defendant will not be entitled to relief because of an incomplete record.
 
 State v. Castleberry,
 
 98-1388 (La.4/13/99), 758 So.2d 749, 773,
 
 cert. denied,
 
 528 U.S. 893, 120 S.Ct. 220, 145 L.Ed.2d 185 (1999). Accordingly, this assigned error lacks merit.
 

 ERROR PATENT DISCUSSION
 

 We have also conducted a review of the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals that defendant received an illegal sentence.
 

 LSA-R.S. 40:966(B)(1) provides that for possession with intent to distribute heroin a defendant is subject to “imprisonment for not less than five nor more than fifty years at hard labor at least five years of which shall be served without benefit of probation, or suspension of sentence, and may, in addition, be required to pay a |1Rfine of not more than fifty thousand dollars.” In the present case, defendant was sentenced to forty years at hard labor, with the first twenty years to be served without benefit of parole, probation, or suspension of sentence. The statute does not provide for the prohibition of parole. Pursuant to LSA-C.Cr.P. art. 882(A), we hereby amend defendant’s sentence to delete the prohibition on parole and remand the case to the trial court for correction of the commitment and the minute entry.
 

 For the reasons set forth herein, defendant’s conviction is affirmed. His sentence is hereby amended as indicated above, and the matter is remanded to the trial court with instructions.
 

 AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . Defendant also notes that the identification procedure used when showing the photograph of defendant to the confidential informant was unduly suggestive and that there was a substantial likelihood of misidentification. This argument is without merit. The identification of defendant made by the confidential informant was not admitted as evidence at trial. Moreover, the suppression hearing involved suppression of the evidence obtained from the search warrant and suppression of statements only.
 

 [2]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).